Mary L. NOVOSEL, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. 57501.

Missouri Court of Appeals, Eastern District, Division One.

July 10, 1990.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Van M. Pounds, Sp. Asst. Attys. Gen., Jefferson City, for appellant.

Joseph P. Westhus, St. Louis, for respondent.

CRIST, Judge.

Appeal from a judgment ordering the Department of Revenue to reinstate respondent's driver's license which had been suspended pursuant to § 302.505, RSMo 1986. We reverse and remand.

On June 8, 1988, driver was arrested for driving while intoxicated and speeding. A breath test on the BAC verifier was administered. The required checklist was followed, and the testing machine appeared to function properly.

At the conclusion of the breath analysis test, the BAC verifier produced a printout which had printed the wrong date and time. The person administering the test scratched out the incorrect date and time and corrected it by hand to show the test was administered on June 8, 1988 at 11:20 p.m. The printout showed driver had a blood alcohol content of .165 percent by weight.

Driver's driving privileges were suspended pursuant to §§ 302.500–302.540, RSMo 1986. Suspension was upheld after an administrative hearing. Driver petitioned for trial de novo.

At trial de novo, driver's attorney objected to introduction of the test results arguing the machine malfunctioned. Trial judge sustained the objection and excluded the test results.

A reversal is mandated by *Stuhr v. Director of Revenue*, 766 S.W.2d 446 (Mo. banc 1989) where the same issue was involved. There, the court stated: "A claim that test results are invalid will only succeed if there is evidence that a malfunction occurred in spite of the adherence of the person administering the test to correct test procedure." *Id.* at 449[4]. The wrong date on the printout is not evidence of a malfunction. *Id.; Bradford v. Director of Revenue*, 735 S.W.2d 208, 209–210[1–3] (Mo.App.1987). *See also Tomkins v. McNeil*, 782 S.W.2d 400, 402[2] (Mo.App. 1989); and *Eckhoff v. Director of Revenue*, 745 S.W.2d 815, 817[1, 2] (Mo.App.1988). The trial court erred in not admitting the test results of the breathalyzer.

Judgment reversed and remanded for proceedings not inconsistent with this opinion.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.