**James Everett HALL, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. ED 79758.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 2, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, for appellant.

David L. Naumann, Florissant, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Director of Revenue ("Director") appeals the circuit court's decision to reinstate driving privileges for James Hall ("Driver") who had been arrested for driving under the influence of intoxicants. Driver did not file a brief. We reverse.

On November 23, 2000, Driver was stopped by St. Ann Police Officer Matthew Main ("Main") for failure to stop at a posted stop sign at an intersection. Main testified that when he made contact with Driver, his eyes were watery and bloodshot, his breath smelled strongly of intoxicating beverages, and his speech was slurred. The officer conducted three field sobriety tests: gaze nystagmus, walk and turn, and one leg stand. Driver failed all three tests. Driver was arrested and transported to the Edmundson Police Station for a breathalyzer test. After Driver consented, the test was performed by Officer Daniel Patrick who has a valid Type II Permit to perform BAC Verifier breathalyzer assessments. Driver's test showed .189% blood alcohol concentration by weight. Director suspended Driver's driving privileges in compliance with Section 302.505 RSMo 2000 [1]. Driver requested a trial *de novo*.

At the trial *de novo*, Driver asserted that the BAC Verifier printout reflected an incorrect date. Police Department records and Main's testimony indicate the test was performed on November 23, 2000. The tape from the BAC Verifier printed January 3, 2000. The Commissioner and the

1. Unless otherwise indicated, all statutory references are to RSMo 2000.

trial court found that Director had not provided sufficient evidence to sustain a suspension of Driver's driving privileges.

Our review of the trial court's judgment is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Therefore, we must affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* However, we are not required to defer to the trial court's findings when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict. *Marsey v. Director of Revenue*, 19 S.W.3d 176, 177 (Mo.App.2000); *Pendergrass v. Director of Revenue*, 4 S.W.3d 599, 601 (Mo. App.1999).

Director's sole point on appeal is that the decision to reinstate Driver's driving privileges was in error because Director provided sufficient evidence to make a *prima facie* case for suspension.

To make a *prima facie* case for the suspension of a driver's license, Director must show by a preponderance of evidence that: (1) there was probable cause to arrest the driver for driving while intoxicated, and (2) at the time of the arrest, the driver's blood alcohol level was at least ten-hundredths of one percent or more by weight. Section 302.505; *Barrett v. Director of Revenue*, 963 S.W.2d 717, 719 (Mo.App.1998).

When a breathalyzer test is used to prove the element of blood alcohol level, there are additional foundational prerequisites. *Thomas v. Director of Revenue*, 875 S.W.2d 582, 583 (Mo.App.1994). Those prerequisites are: 1) the test was performed by following approved techniques and methods of the Division of Health, 2) the operator held a valid permit, and 3) the equipment and devices were approved by the Division. *Sellenriek v. Director of Revenue*, 826 S.W.2d 338, 340–41 (Mo. 1992). Furthermore, the State Regulations require the officer giving the test to follow a pre-printed checklist. 19 C.S.R. Section 25–30–060; *Hill v. Director of Revenue*, 985 S.W.2d 824, 828 (Mo.App. 1998).

We first consider whether or not Director met the burden of proof for showing probable cause for arrest. In this respect, the determination of whether a police officer has probable cause existed to arrest the driver must be made in relation to circumstances as they would have appeared to a prudent, cautious, and trained police officer. *Guccione v. Director of Revenue*, 988 S.W.2d 649, 654 (Mo.App. 1999). In this case, Officer Main's testimony indicated physical symptoms of intoxication, failure of three field sobriety tests and admission by the Driver of having consumed "six rum and cokes." This evidence was sufficient to establish probable cause for Driver's arrest for DWI, satisfying the first element of the Director's *prima facie* case for suspension. *Krieger v. Director of Revenue*, 14 S.W.3d 697, 702 (Mo.App.2000); *Misener v. Director of Revenue*, 13 S.W.3d 666, 668–69 (Mo.App.2000).

Having satisfied the first element of the *prima facie* test we turn to the second, which is proof of the blood alcohol level by weight over ten-hundredths of one percent. To satisfy his burden of proof, Director sought to admit the result of Driver's breathalyzer test.

Section 577.037.1 authorizes admission of "any chemical analysis of the [driver's] blood, breath, saliva or urine" to show that he or she was driving a motor vehicle while in an intoxicated condition in any license suspension proceeding. As previously stated, the Director has the burden of laying a proper foundation for the ad-

mission of the breathalyzer test. *Thomas,* 875 S.W.2d at 583. To that end, the Director submitted in the present case proof that the machine had been properly calibrated on October 21, 2000, a copy of the Type II certificate of Officer Patrick who administered the test, and a copy of the Form 2389, Missouri Department of Revenue Alcohol Influence Report ("A.I.R."), indicating the Department of Health procedures were followed as prescribed in 19 C.S.R. sec. 25–30–060. All of this was admitted into evidence as Exhibit B under the business records exception to the hearsay rule.

Driver objected to the printout of the breathalyzer on the grounds that it was not the best evidence because it was dated January 3, 2000, and the test was performed on November 23, 2000. Driver further objected to admission of the results of the breathalyzer test as inadmissible hearsay.

The Missouri Supreme Court considered this issue in *Stuhr v. Director of Revenue,* 766 S.W.2d 446 (Mo. banc 1989). In that case, the time was incorrect on the BAC Verifier. The court found that, "The time and date component of the machine is a separate component from that of the sample collection portion of the unit. The machine will still function properly even if the time and date are incorrect." *Id.*

The record indicates Director presented sufficient evidence to prove both elements of a *prima facie* case for suspension of Driver's driving privileges under Section 302.505.1. Missouri law is quite settled that discrepancies in the time and date on BAC printouts are irrelevant to the results of the test. *Id.; Bradford v. Director of Revenue,* 735 S.W.2d 208, 210 (Mo.App. 1987); *Novosel v. Director of Revenue,* 796 S.W.2d 894, 895 (Mo.App.1990); *Farin v. Director of Revenue,* 982 S.W.2d 712, 715–16 (Mo.App.1988). As long as the officer

had a valid permit, followed the correct procedure, and the test equipment was reliable, the results will be considered valid. "[T]o void the suspension would be to put literal procedural requirements above the legislative purpose of this law, to remove dangerous drunk drivers from Missouri roadways." *Shine v. Director of Revenue,* 807 S.W.2d 160, 163 (Mo.App. 1991). The trial court's judgment is against the weight of the evidence and erroneously applies the law.

The judgment is reversed and remanded to the trial court with direction to reinstate Director's suspension of Driver's driving privileges.

SHERRI B. SULLIVAN, P.J., and LAWRENCE E. MOONEY, J., Concur.