Frank GRACE, Petitioner/Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

No. ED 79564.

Missouri Court of Appeals,
Eastern District,
Division One.

May 28, 2002.

Timothy F. Devereux, Clayton, MO, for respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Laura C. Wagener, Assistant Attorney General, St. Louis, MO, for appellant.

KATHIANNE KNAUP CRANE, Judge.

The Director of Revenue (Director) appeals from the circuit court judgment reinstating petitioner's driving privileges after a trial de novo. We reverse and remand.

On May 10, 2000 a dark colored van with front-end damage was seen leaving the scene of an accident. Officer Sidney McDonald, then of the St. Ann Police Department, responded to the scene of the accident. Officer Taylor, also of the St. Ann Police Department, radioed Officer McDonald and reported that a van matching that description was stopped and blocked by a civilian's car a few blocks from the scene of the accident. He observed two men standing near the van. He made contact with the driver of the van, who identified himself as petitioner. Petitioner told Officer Taylor he was the owner of the van, that he had consumed approximately eight beers, and that he had been in an accident. Officer Taylor smelled "an odor of alcohol around [petitioner]." Officer Taylor arrested petitioner for leaving the scene of an accident and transferred petitioner to the St. Ann Police Department.

Officer McDonald proceeded to the St. Ann Police Department where he met Officer Taylor and petitioner. His initial contact with petitioner was at 10:24 p.m. He

noticed petitioner had a strong odor of alcohol, watery and bloodshot eyes, slurred speech, and was swaying back and forth. Officer McDonald then had petitioner perform three field sobriety tests, all of which petitioner failed.

Based on his own observations of petitioner's demeanor, appearance, and performance of field sobriety tests, and based on Officer Taylor's observations of petitioner's demeanor, Officer McDonald concluded that petitioner was intoxicated. Officer McDonald placed petitioner under arrest for driving while intoxicated. He gave the implied consent warning to petitioner at 11:26 p.m. and administered a breath alcohol test to petitioner using an Intoxilyzer 5000, which was working properly. Petitioner had been in his line of sight for the fifteen minute period before the breath analyzer test was administered and that during that time he did not see petitioner consume anything, smoke, vomit, or put anything into or take anything out of his mouth. Officer McDonald followed the techniques and methods approved by the Department of Health for administering the test. He carried a valid permit to administer the test and used equipment approved by the Department of Health. He obtained the result of the breath test from a printout produced by the Intoxilyzer 5000 and recorded that result on page three, the Implied Consent Form, of Form 2389, The Missouri Department of Revenue Alcohol Influence Report, in the section headed "Certification of Examination by Operator." Officer McDonald sent the printout with his report to his supervisor.

Even though the offense occurred in 2000, the record reflects that Director suspended petitioner's license pursuant to section 302.505 RSMo (1994). Petitioner requested an administrative hearing, and the hearing officer sustained the suspension of his driver's license. Petitioner then filed a petition for trial de novo with the circuit court, and the case was assigned to a commissioner for hearing and determination.

At the trial de novo, Director called one witness, Officer McDonald.[1] Officer McDonald identified Exhibit B, the Implied Consent Form, on page three of the Missouri Department of Revenue Alcohol Influence Report (AIR), which contained the results of petitioner's blood alcohol test. Petitioner announced that he objected to Officer McDonald testifying about the result of the breath test, citing the best evidence rule. The commissioner sustained petitioner's objection at that point, and again when Director asked Officer McDonald to testify to the test results.

The commissioner asked if Director was going to ask for admission of Exhibit B and said she would take that request under submission. Director asked to make an offer of proof with Exhibit B, which the commissioner initially denied. She allowed Officer McDonald to testify to his preparation of Exhibit B. At the close of evidence, Director formally requested that Exhibit B be admitted into evidence, which request the commissioner again took under submission. Exhibit B showed that petitioner's blood alcohol concentration (BAC) was .165%.

The commissioner subsequently entered her findings and recommendations. The commissioner found that petitioner did not have a blood alcohol concentration of .10% or more and, "[n]o credible evidence to admit the breath test." The commissioner recommended that petitioner's driving privileges be reinstated. The circuit court adopted and confirmed the findings and recommendations.

---

1. The parties stipulated to Officer's testimony.

On appeal, Director contends that the circuit court erred in reinstating petitioner's driver's license because the evidence supported a finding of probable cause to arrest and a finding that petitioner was driving with a blood alcohol content of .10% or greater. At the trial de novo, Director has the burden of proving, by a preponderance of the evidence, that the arresting officer had probable cause to arrest the driver for driving while intoxicated and, at the time of the arrest, the driver's blood alcohol content was .10 percent or greater. *Green v. Director of Revenue,* 961 S.W.2d 936, 938 (Mo.App.1998). When Director makes a prima facie case, the burden shifts to the driver to establish that his blood alcohol content was not at least .10 percent when he was driving. *Id.*

### 1. *Probable Cause*

The trial court did not make a finding of probable cause. Probable cause exists when the facts and circumstances would warrant a reasonable person to believe that an offense has been committed. *Farin v. Director of Revenue,* 982 S.W.2d 712, 715 (Mo.App.1998). The determination of whether an officer had probable cause to make an arrest must be made in relation to the circumstances as they would have appeared to a prudent, cautious and trained police officer. *Id.* Probable cause is determined by the collective knowledge and facts available to *all* officers and a police officer is entitled to rely on official information supplied by another officer in determining probable cause to arrest. *Id.* Probable cause to arrest for driving while intoxicated exists where the facts and circumstances would warrant a person of reasonable caution to believe that an offense has been or is being committed. *Testerman v. Director of Revenue,* 31 S.W.3d 473, 476 (Mo.App.2000).

Here, Officer Taylor smelled an odor of alcohol around petitioner when he first contacted him. The parties stipulated that petitioner admitted to Officer Taylor that he was the driver and had consumed approximately eight beers. Officer McDonald also smelled the odor of an intoxicating beverage on petitioner's breath, when he met him at the station. He saw that petitioner's eyes were bloodshot, his speech was slurred, and he was swaying back and forth. Officer McDonald gave petitioner three field sobriety tests, all of which indicated petitioner was intoxicated. Petitioner did not adduce any evidence controverting probable cause. The director made a prima facie case of probable cause to arrest. *Rogers v. Director of Revenue,* 947 S.W.2d 475, 477 (Mo.App. 1997).

### 2. *Evidence of Blood Alcohol Content*

Director attempted to establish petitioner's blood alcohol content by offering page three of the AIR report (Exhibit B) into evidence and through the testing officer's testimony to the results of the breath analyzer test. In order to establish a prima facie foundation to admit evidence of a breath analyzer test, Director must demonstrate that the testing methods set out in Section 577.020 RSMo (Cum.Supp.1997) were followed in that the test was performed (1) according to techniques and methods approved by the Department of Health, (2) by persons possessing valid permits, and (3) using equipment and devices approved by the Department. *Rogers,* 947 S.W.2d at 477. Director established a prima facie foundation to admit evidence of the breath analyzer test. Officer McDonald followed the techniques and methods approved the by the Department of Health when he administered the test and he carried a valid permit to administer the test. He used equipment approved by the Department of Health.

The issue is whether the test results could be admitted into evidence through the AIR or through the testing officer's testimony. The test result was admissible in both forms. First, the test result was admissible as a business record of the Missouri Department of Revenue pursuant to section 302.312.1 RSMo (1994). Section 302.312.1 directs:

> Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any records, properly certified by the appropriate custodian or the director, *shall be admissible as evidence* in all courts of this state and in all administrative proceedings.

Section 302.312.1 (emphasis added). The test results, contained in Exhibit B, were part of the records maintained by Director and were certified by the proper custodian. Exhibit B was admissible as a business record under section 302.312.1. *See Hackmann v. Director of Revenue*, 991 S.W.2d 751, 753 (Mo.App.1999).

Petitioner argues on appeal that Exhibit B was not offered as a business record at trial and therefore is not admissible as a business record. However, Exhibit B, as offered to the trial court, contained all the attachments necessary to make it a business record and no objection was made to its admission on this basis.

The objection at trial to both the report and the testimony was based on the absence of the printout. Petitioner argued that the printout was the best evidence, which precluded Officer McDonald's testimony and precluded admission of the AIR. The admission of the printout is not necessary for Director to satisfy its prima facie burden of showing driver's blood alcohol content. *Farin*, 982 S.W.2d at 715; *Soval v. Director of Revenue*, 2 S.W.3d 854, 858 (Mo.App.1999). Test results as recorded in the certified Alcohol Influence Report are sufficient to establish blood alcohol content even if the printout tape is illegible or not produced. *Tebow v. Director of Revenue*, 921 S.W.2d 110, 113 (Mo.App. 1996).

In addition, the best evidence rule does not preclude testimony of the breath test results in the absence of a printout when, as here, the testifying officer recorded the results on his report contemporaneously with the test. *Chevalier v. Director of Revenue*, 928 S.W.2d 388, 391–94 (Mo.App. 1996).

Petitioner asserts on appeal that Officer McDonald's testimony to the test results cannot be considered because the commissioner determined that Officer McDonald was not a credible witness. Petitioner argues that Officer McDonald's testimony was rambling and evasive, contradictory and inconsistent, and failed to offer an explanation for the missing printout. The commissioner found, "No credible evidence to admit the breath test." However, she did not find that Officer McDonald lacked credibility. Further, she could not have found him incredible with respect to the breath test results because she sustained the best evidence objection to Officer McDonald's testimony to the results and, as a result, he never testified to those results. When the evidence supporting revocation is uncontroverted, and the court has not found the officer's testimony to be incredible, we cannot affirm the trial court's judgment on the grounds that the testifying officer was incredible. *See Sitzes v. Director of Revenue*, 928 S.W.2d 3, 6 (Mo. App.1996).

*Conclusion*

If the test results had been admitted, Director would have satisfied his burden of proving a prima facie case. Petitioner had an opportunity to, but did not present any

evidence. When a petitioner has the opportunity to present evidence but fails to do so, and Director makes a prima facie case, we reverse and remand for judgment, not for another hearing. *See Ray v. Director of Revenue*, 59 S.W.3d 554, 555–56 (Mo.App.2001). We reverse the trial court's judgment and remand to the trial court to enter judgment reinstating the suspension of petitioner's license.

WILLIAM H. CRANDALL, JR., P.J., and ROBERT G. DOWD, JR., J. concur.