Lisa M. FAINER, Respondent,

v.

DIRECTOR OF REVENUE, STATE
OF MISSOURI, Appellant.

No. ED 82621.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 23, 2003.

Jeremiah W. (Jay) Nixon, Atty. Gen., Amy E. Randles, Assistant Attorney General, Jefferson City, for appellant.

Lisa M. Fainer, St. Louis, pro se.

GARY M. GAERTNER, SR., Presiding Judge.

The Director of Revenue ("Director") appeals from a judgment of the Circuit Court of St. Louis County reinstating the driving privileges of Lisa M. Fainer ("Driver"). We reverse and remand.

On February 12, 2002, Driver was driving in Berkeley, Missouri when she collided with a guardrail. Captain Daniel Paulino ("Paulino") of the Berkeley police department responded to the scene.

When Paulino came into contact with Driver, Driver stated "I was driving too fast and I lost control of my friend's car. I'm so sorry." After speaking with Driver for a few minutes, Paulino detected a strong odor of alcohol on her breath. Paulino then asked her if she had been drinking to which she replied "yes, I had 2 large glasses of Southern Comfort." Paulino then obtained her consent to perform a few field sobriety tests.

Paulino noted on the Alcohol Influence Report ("AIR") that Driver swayed while balancing, used her arms to balance, and put her foot down more than three times during the one leg stand test.

As a result, Driver was transported to the Berkeley police department. At the station, Paulino read Driver her Miranda rights. Driver then consented to a chemical test of her breath using the department's Blood Alcohol Content Verifier ("BACV"). The result of this test, as noted on the AIR, was .243% blood alcohol content by weight. Paulino signed the Certification of Examination by Operator section of the AIR.

The Department of Revenue suspended Driver's driving privileges. Driver then filed for trial de novo to determine whether the suspension was proper.

At trial, the Director submitted two exhibits. The first exhibit consisted of an affidavit of Chris Silva, the custodian of records for the Breath Alcohol Program, a maintenance report for BACV, a copy of the Certificate of Analysis for the simulator solution used in the instrument, backup data for the test performed on the breath test instrument, and proof of Paulino's authorization to use the BACV. The second exhibit consisted of, in pertinent part, the AIR and Paulino's report, both of which were certified by an affidavit of Pamela Ann Douglas ("Douglas"), the custodian of records for the Department of Revenue.

The trial court excluded the results of the breath test from the AIR after an objection was made on the ground that there was no printout from the machine and Paulino had not testified. The trial court also sustained Driver's objection that the interview information was not relevant to the issue of probable cause because it included statements relating to the period after her arrest.

The trial court determined that Paulino did not have probable cause to arrest Driver and the Director did not present sufficient credible evidence to show Driver's blood alcohol concentration was .08% or more by weight. As a result, the trial court reinstated Driver's driving privileges.

We affirm the judgment of the trial court "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Rain v. Director of Revenue*, 46 S.W.3d 584, 587 (Mo. App. E.D.2001). In reviewing, we must accept as true the evidence and inferences favorable to the judgment and disregard all contrary evidence and inferences. *Reece v. Director of Revenue*, 61 S.W.3d 288, 291 (Mo.App. E.D.2001). However, when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict, we are not obligated to defer to the trial court's findings. *Rain*, 46 S.W.3d at 587.

In order to properly suspend a license under Section 302.505 RSMo 2000,[1] the Director must prove by a preponderance of the evidence that the police had

1. All further statutory references are to RSMo 2000, unless otherwise indicated.

probable cause to arrest the driver for driving while intoxicated and the driver's blood alcohol content exceeded the legal limit at the time of his arrest. *Grace v. Director of Revenue, State of Mo.*, 77 S.W.3d 29, 32 (Mo.App. E.D.2002). After the Director makes a *prima facie* showing, the driver is allowed to offer rebuttal evidence to raise a genuine issue of fact regarding the validity of the BACV result. *Verdoorn v. Director of Revenue*, 119 S.W.3d 543 (Mo.banc 2003). The rebuttal evidence should dispute the presumption of validity of the Director's *prima facie* case. *Id.* at 546. However, the driver's burden is one of production, not persuasion. *Id.* The burden of proof remains on the Director throughout the proceeding. *Id.*

In her first point on appeal, Director argues: 1) the trial court erred in excluding evidence certified by the Department of Revenue and offered by Director, and 2) the trial court erred in finding Paulino did not have probable cause to arrest Driver.

■ First, section 302.312.1 provides "[c]opies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue ... and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings."

In *Hackmann v. Director of Revenue,* the Director offered to the trial court an exhibit consisting of records from the Department of Revenue. *Hackmann v. Director of Revenue,* 991 S.W.2d 751, 753 (Mo.App. E.D.1999). The custodian of records for the Department of Revenue certified the records in the exhibit. *Id.* The certification stated: "It is further certified pursuant to section 302.312 RSMo, that the records attached hereto are exact duplicates of the original records lawfully filed or deposited with the Department of Revenue by the reporting agency or entity pursuant to the provisions of Chapters 302, 303 and/or 577 RSMo." *Id.* As a result, the exhibit was found to be admissible. *Id.*

In this case, the trial court sustained Driver's objection to "any statements that were made on page-or that are reflected on page-I believe it's 3 of the report, which is the interview which took place after the arrest had taken place." Director argues that in so doing, the trial court excluded evidence contained in Paulino's report. The excluded evidence consisted of Driver's admissions that she lost control of the vehicle and that she had consumed two large glasses of Southern Comfort, as well as Paulino's statement that he detected a strong odor of alcohol of Driver's breath.

Paulino's report was admissible pursuant to section 302.312.1. The report was included with several documents, which were all attached to an affidavit from Douglas, the custodian of records for the Missouri Department of Revenue. In her affidavit, Douglas stated that the records were kept by the Department of Revenue in the regular course of business and that the records are exact copies of the original record lawfully deposited with the Department of Revenue. Therefore, the trial court erred in excluding this evidence because it was part of the records maintained by the Department of Revenue and was certified by the proper custodian.

■ Second, for the offense of driving while intoxicated, probable cause to arrest exists when a police officer observes an unusual or illegal operation of a motor vehicle and then upon coming into contact with the motorist, observes indicia of intoxication. *Rain,* 46 S.W.3d at 587. However, an officer may rely on circumstantial evidence when actual driving is not observed. *Kleffner v. Director of Revenue,*

956 S.W.2d 446, 448 (Mo.App. E.D.1997). It is not necessary for an officer to actually observe a person driving to have probable cause to arrest them for driving while intoxicated. *Id.* To make a determination as to whether reasonable grounds exist, the court must look at the situation from the viewpoint of a careful, prudent, and trained police officer at the time of the arrest. *Rain,* 46 S.W.3d at 587

Paulino noted Driver's involvement in a one-car accident, her admission that she "had 2 large glasses of Southern Comfort," and the strong odor of alcohol on Driver's breath in his report. Further, Driver failed the one leg stand test.

Therefore, taking the evidence in the report into consideration, it becomes clear that Paulino had sufficient probable cause to arrest Driver. Further, Driver submitted no evidence to dispute the presumption of validity of the Director's *prima facie* case. Therefore, the trial court erred in excluding the evidence and its finding on whether Paulino had probable cause to arrest was against the weight of the evidence. Point granted.

 In her second point on appeal, Director argues the trial court erred in excluding evidence of blood alcohol content from the AIR in that the result was admissible under Section 302.312, without production of an instrument printout, and Driver did not offer any rebuttal evidence.

As noted above, section 302.312.1 provides for the admission of documents filed with the Department of Revenue if they are properly certified.

In this case, the test results in the AIR were part of the records maintained by the Department of Revenue and were certified by the proper custodian. Further, breath test results as recorded in the certified AIR have been found sufficient to establish blood alcohol content even if the printout tape is not produced or is illegible. *Grace,* 77 S.W.3d at 33.

Therefore, the trial court erred in excluding evidence of blood alcohol content from the AIR. Point granted.

Finally, Driver presented no evidence in this case. When Driver has the opportunity to present evidence but fails to do so, and Director makes a *prima facie* case, we reverse and remand for judgment, not for another hearing. *Id.* at 34. Accordingly, we reverse the trial court's judgment and remand to the trial court to enter judgment reinstating the suspension of petitioner's license.