Scott F. TINKER, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. ED 82620.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 30, 2003.

Jeremiah W. (Jay) Nixon, Atty. Gen., Amy E. Randles, Assistant Attorney General, Jefferson City, MO, for appellant.

William G. Buchholz II, William G. Buchholz II, P.C., Clayton, MO, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

The Director of Revenue ("Director") appeals from the judgment of the Circuit Court of St. Louis County reinstating the driving privileges of Scott F. Tinker ("Driver"). We reverse and remand.

On April 17, 2002, Officer Douglas Egerton ("Egerton") of the City of Breckenridge Hills Police Department observed Driver's vehicle traveling at approximately 47 miles per hour ("mph") in a 35–mph zone. Egerton then followed Driver's vehicle, and prior to stopping Driver's vehicle, Egerton noticed that the vehicle was

weaving from lane to lane. After he stopped Driver's vehicle, Egerton observed that Driver had difficulty removing his driver's license from his wallet, Driver smelled of alcohol, and when Egerton asked Driver if he had been drinking, he responded that he had consumed three beers that evening. Driver was 19 years of age at the time of this incident.

Egerton then performed three field sobriety tests on Driver: the walk and turn test, the one-leg stand test, and the gaze nystagmus test. Driver failed all three tests. Egerton then placed Driver under arrest, transported him to the Breckenridge Hills Police Department, informed Driver of his rights under the Missouri Implied Consent Law, and asked Driver to submit to a breath test to determine his blood alcohol content ("BAC"). Driver agreed to take a breath test, and the test revealed that driver's BAC was .204, which Egerton noted on the Alcohol Influence Report ("AIR"). Egerton certified on the AIR: 1) that he did not deviate from the testing procedure approved by the department, 2) that, to the best of his knowledge, the BAC testing instrument was functioning properly, 3) that he was authorized to use the instrument, and 4) that no radio transmission occurred inside the room when the test was conducted.

Egerton then booked and processed Driver and he received municipal summonses for driving while intoxicated ("DWI"), speeding, and improper lane usage "weaving." Driver then surrendered his driver's license. Driver subsequently sought review before the Missouri Department of Revenue ("Department") through a Request for Administrative Hearing. The Department affirmed the suspension of Driver's driving privileges. Driver then sought a trial *de novo* in the Circuit Court of St. Louis County.

At the trial *de novo*, the case was submitted solely on documentary evidence. Driver presented no evidence on his behalf. Director offered two exhibits. Exhibit A, received into evidence without objection, consisted of Department of Health records including the BAC Verifier Maintenance Report. Exhibit B consisted of, among other documents, Egerton's AIR, the Notice of Suspension/Revocation of Driver's driving privileges, Egerton's incident report, and Driver's license record. Driver objected to the portion of the AIR that included Driver's BAC because the printout from the instrument used to test Driver's BAC did not accompany the AIR. The trial court sustained the objection as to the BAC portion of the AIR and excluded the evidence of Driver's BAC. The trial court allowed in the remaining sections of the AIR and all other documents in Exhibit B.

The trial court found that Driver was less than 21 years of age, the arresting officer had probable cause to arrest Driver for DWI or an alcohol-related traffic offense, but that Driver did not have a BAC over the legal limit because there was not sufficient evidence of BAC "in that no printout of test was submitted to the court." Director appeals.

We affirm the judgment of the trial court "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Rain v. Director of Revenue*, 46 S.W.3d 584, 587 (Mo.App. E.D.2001). In reviewing, we must accept as true the evidence and inferences favorable to the judgment and disregard all contrary evidence and inferences. *Reece v. Director of Revenue*, 61 S.W.3d 288, 291 (Mo.App. E.D.2001). However, when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict, we are

not obligated to defer to the trial court's findings. *Rain*, 46 S.W.3d at 587.

 To properly suspend a license under Section 302.505 RSMo 2000,[1] the Director must prove by a preponderance of the evidence that the police had probable cause to arrest the driver for driving while intoxicated and the driver's blood alcohol content exceeded the legal limit at the time of his arrest. *Grace v. Director of Revenue, State of Mo.*, 77 S.W.3d 29, 32 (Mo.App. E.D.2002). After the Director makes a *prima facie* showing, the driver is allowed to offer rebuttal evidence to raise a genuine issue of fact regarding the validity of the BAC result. *Verdoorn v. Director of Revenue*, 119 S.W.3d 543 (Mo. banc 2003). The rebuttal evidence should dispute the presumption of validity of the Director's *prima facie* case. *Id.* at 546. However, the driver's burden is one of production, not persuasion. *Id.* The burden of proof remains on the Director throughout the proceeding. *Id.*

In her first point on appeal, Director argues the trial court erred in excluding the evidence of Driver's BAC on Egerton's AIR.

Section 302.312.1 provides "[c]opies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue ... and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings." Section 302.312.1, RSMo 2000.

The issue of whether BAC test results are admissible through an AIR was recently decided in *Grace*. In *Grace*, this court held that a BAC test result listed on an AIR, that was part of the records maintained by the Director, and was certified by the proper custodian, was admissible as

a business record pursuant to section 302.312.1. *Grace*, 77 S.W.3d at 33. Further, "[t]he admission of the printout is not necessary for Director to satisfy its prima facie burden of showing driver's [BAC]." *Id.* BAC test results as noted in a certified AIR are enough to establish BAC "even if the printout tape is illegible or not produced." *Id.*

 In this case, like in *Grace*, the BAC result as noted in the AIR was admissible to show Driver's BAC as a business record. The AIR was maintained by the Director and was certified by the proper custodian.

Driver argues that this case is distinguishable from *Grace* because Egerton did not testify, whereas in *Grace* the arresting officer testified that he recorded the BAC test results on his report contemporaneously with the test. Driver argues that because Egerton did not testify that he recorded the results contemporaneously with the BAC test, the business records exception does not apply.

However, in *Grace*, we stated: "[t]he issue is whether the test results could be admitted into evidence through the AIR *or* through the testing officer's testimony. The test result was admissible in *both* forms." *Id.* (Emphasis added.) Egerton's testimony was not required.

Therefore, the trial court erred in excluding evidence of BAC from the AIR. Point granted.

Finally, Driver presented no evidence in this case. When Driver has the opportunity to present evidence but fails to do so, and Director makes a *prima facie* case, we reverse and remand for judgment, not for another hearing. *Id.* at 34. Accordingly, we reverse the trial court's judgment and remand to the trial court to enter judg-

---

1. All further statutory references are to RSMo 2000.

ment reinstating the suspension of petitioner's license.

ROBERT G. DOWD, J. and MARY R. RUSSELL, J. concur.