Patrick L. WHITWORTH, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. ED 87115.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 17, 2006.

Motion For Rehearing and/or Transfer to
Supreme Court Denied Dec. 4, 2006.

**624**

---

Cherly A. Caponegro Nield, Jefferson City, MO, for Appellant.

John F. Newsham, Charles E. Berry, St. Louis, MO, for Respondent.

## OPINION

### GEORGE W. DRAPER, III, P.J.

The Director of Revenue· (hereinafter, "the Director") appeals from the trial court's judgment reinstating the driving privileges of Patrick L. Whitworth (hereinafter, "Driver"). The Director raises one point on appeal claiming the trial court erred in reinstating Driver's license because the Director met its prima facie case. We reverse and remand.

 This Court will affirm the trial court's judgment unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Verdoorn v. Director of Revenue*, 119 S.W.3d 543, 545 (Mo. banc 2003). We defer to the trial court's determination of credibility. *Laney v. Director of Revenue*, 144 S.W.3d 350, 352 (Mo.App. S.D.2004). We accept as true all evidence and inferences in favor of the prevailing party and disregard contrary evidence. *Hamor v. Director of Revenue*, 153 S.W.3d 869, 872 (Mo.App. E.D.2004). "If the evidence is uncontroverted or admitted so that the real issue is a legal one as to the legal effect of the evidence, then there is no need to defer to the trial court's judgment." *Hinnah v. Director of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002).

The facts from the police officer's narrative indicate Driver was stopped in the early morning hours of December 23, 2004, for improper lane usage. After stopping the vehicle and approaching Driver, the police officer stated he detected a strong odor of intoxicants on Driver's breath, his eyes were bloodshot and watery, and his face was flushed. The police officer asked Driver whether he had anything to drink, and Driver responded he had three beers. The officer administered three field sobriety tests which Driver did not successfully complete. After administering a portable breath test which indicated the presence of alcohol, the police officer concluded Driver was intoxicated and arrested him. Driver was taken to the Maryland Heights Police Department where he was advised of his *Miranda* rights and read Missouri's Implied Consent Law. Driver consented to a breath test. The test result showed Driver's blood alcohol content (hereinafter, "BAC") was .101 percent.

The Director sought to suspend Driver's license pursuant to Section 302.505 RSMo (2003).[1] Driver filed a petition for a trial de novo. At the trial de novo, the Director submitted her case on the record which included the alcohol influence report, the checklist for the Datamaster machine, the evidence ticket, and the maintenance report that includes the police officer's permit information and the certification that the machine was working properly.

Driver objected to the admission of these records on several counts. The pertinent objection at issue in this appeal is to the admission of the evidence ticket, also called the printout, from the breathalyzer

---

1. All further statutory references are to RSMo (2003) unless otherwise stated.

machine. The following occurred at the trial:

[Driver's counsel]: "I was also going to object to the evidence ticket itself for the reason that it's not legible. There seems to be certain things marked out and some handwriting put in which object to as perhaps double hearsay, but I'd also object—"

Commissioner: Mine is legible, but it's definitely been changed by someone.

[Driver's counsel]: I would object that there wasn't any proper foundation laid for those changes; that it's not in conformity with the Department of Health regulations.

Commissioner: Any response?

[The Director]: Your Honor, I would just request that you reserve your ruling on that until after petitioner testifies.

Commissioner: Do I know for certain petitioner is going to testify?

[Driver's counsel]: I would think it would depend upon how you'd rule on this I guess.

Commissioner: Whether or not petitioner presents evidence and testifies I'm not certain is relevant as to why this record that you're submitting to the Court has been changed by somebody and I have no evidence before me as to why.

[The Director]: Well, the arrest—I believe—I can only assume that the time was off on the machine given that the time of initial contact in this incident was 12:09 and the time of arrest was 12:16. It looks like the ticket was altered to correctly conform with the times when the machine obviously was not-the clock was off on the machine.

Commissioner: Do you have any witnesses you're going to present to the Court today?

[The Director]: There are no witnesses present, Your Honor.

Commissioner: I am going to sustain your objection to the printout based upon the fact that what has been provided to me is a BAC DataMaster evidence ticket that has been changed, and I have no evidence before me as to why it's been changed. Any other objections?

[Driver's counsel]: No, Judge.

The Director requested a continuance so that she could "present more of our case." The commissioner said she would allow the Director additional time to bring in the police officer to explain the alterations made to the evidence ticket. Driver did not present any evidence.[2] The Director failed to produce the police officer to testify as a witness or offer any additional evidence as to why the evidence ticket had been altered.

The commissioner issued its order reinstating Driver's license. The commission-

---

**2.** During oral argument, Driver's counsel indicated he was unable to present evidence with respect to probable cause or to rebut the Director's prima facie case because the Director failed to present the arresting officer to testify. Counsel's oral allegation is refuted by the record. Driver made several specific objections to the Director's submitted records, which were sustained by the commissioner. Later, Driver's counsel told the commissioner Driver would testify "depend[ing] on how you rule on this I guess," indicating Driver may testify if the commissioner did not make a favorable ruling regarding the admission of the evidence ticket. After the commissioner ruled the ticket was inadmissible, but allowed a continuance for the Director to bring in the officer, Driver's counsel objected to the continuance because he thought the commissioner's ruling disposed of the issue. Further, Driver asserts in his brief that "the trial court never inquired of [Driver] whether [Driver] wanted to present any evidence" because it assumed the Director failed to make a prima facie case. Driver does not point to any evidence he wished to present that would rebut the Director's prima facie case.

er found the arresting officer had probable cause to arrest Driver for driving while intoxicated. However, the commissioner found Driver did not have a BAC of .08% or more by weight. Specifically, the commissioner stated, "Objection to printout sustained in that the copy provided to the court was altered and no testimony was presented to explain the alteration." The commissioner's decision was affirmed by the trial court. The Director appeals.

■ In her sole point on appeal, the Director alleges the trial court erred in reinstating Driver's license in that the Director presented a prima facie case for suspension. Specifically, the Director argues the evidence ticket from the breathalyzer machine was not required to prove Driver's BAC and that the officer's narrative showed Driver's BAC was .101 percent, well in excess of the legal limit.

■ Section 302.535.1 provides that a person aggrieved by a decision of the Department of Revenue may seek a trial de novo by the circuit court. At a trial de novo, the Director has the burden of proving a prima facie case for the suspension of a driver's license by a preponderance of the evidence. *Neeley v. Director of Revenue*, 104 S.W.3d 797, 801 (Mo.App. W.D. 2003). Section 302.535 creates a two-part burden on the Director that is satisfied by showing: (1) the police had probable cause to arrest the driver; and (2) the driver had been driving at a time when his or her BAC was .08 percent or more. *Mayridis v. Director of Revenue*, 155 S.W.3d 775, 778 (Mo.App. E.D.2005).

The first element, whether the police had probable cause to arrest Driver, is undisputed and not at issue in this appeal. The second element, whether Driver was operating a vehicle at the time when his BAC was .08 percent or higher, is at issue. Driver concedes he was operating the vehicle at the time of his arrest.

■ Breathalyzer test results are essential to establish a prima facie case under Section 302.505. *Orton v. Director of Revenue*, 170 S.W.3d 516, 520 (Mo.App. W.D.2005). When using a breathalyzer test to establish a driver's BAC, foundational prerequisites to admission must be met. *Bozarth v. Director of Revenue*, 168 S.W.3d 78, 82 (Mo.App. E.D.2005). To establish a prima facie foundation for the admission of the results of a breathalyzer test, the Director must establish the test was performed: (1) following the approved techniques and methods of the Department of Health; (2) by an operator holding a valid permit; and (3) on equipment and devices approved by the Department of Health. *Coyle v. Director of Revenue*, 181 S.W.3d 62, 64 (Mo. banc 2005). In the present case, the Director submitted proof that the machine had been properly calibrated, a copy of the Type II certificate of the officer who administered the test, and a copy of the alcohol influence report indicating the Department of Health procedures were followed when administering the test.

Here, Driver objected to the admission of the evidence ticket printed from the breathalyzer machine on the grounds that the printout had been altered as to the time and a proper foundation had not been laid for its admission. Driver further objected that the altered information on the printout constituted inadmissible hearsay.

"Missouri law is quite settled that discrepancies in the time and date on BAC printouts are irrelevant to the results of the test." *Hall v. Director of Revenue*, 72 S.W.3d 231, 233 (Mo.App. E.D.2002). "The time and date component of the machine is a separate component from that of the sample collection portion of the unit. The machine will still function properly even if the time and date are incorrect." *Stuhr v. Director of Revenue*, 766 S.W.2d 446, 449 (Mo. banc 1989).

■ Driver argues the commissioner clearly had concerns regarding the alteration of the evidence ticket and even provided the Director an opportunity to present live testimony to explain the alteration. The Director declined to do so, instead submitting her case on the record. "While caution should be exercised when a suspension case is submitted on the records alone, it is not prohibited." *Tebow v. Director of Revenue*, 921 S.W.2d 110, 113 (Mo.App. W.D.1996). Although the submission of a case on the records alone may pose some risks, including the inability to explain discrepancies or to rehabilitate witnesses, this is not the case here. Driver presented no evidence, and the record does not indicate any discrepancy in the Director's evidence.

In *Tebow*, the Director submitted her case on the records and the Driver objected to an illegible printout. *Id.* at 111. The Court held the illegible printout did not prevent the Director from meeting her burden. *Id.* at 113. "Even had she not produced a printout tape at all, this would not have been a proper basis for voiding the suspension of [the driver's] license because she presented other evidence establishing that [the driver] was intoxicated." *Id. See also, Hall*, 72 S.W.3d at 233; *Fainer v. Director of Revenue*, 123 S.W.3d 303 (Mo.App. E.D.2003); *Tinker v. Director of Revenue*, 125 S.W.3d 329 (Mo.App. E.D. 2003).

Further, we find *Novosel v. Director of Revenue*, 796 S.W.2d 894 (Mo.App. E.D. 1990) directly on point. In *Novosel*, the printout had an incorrect date and time which was manually altered by the officer administering the test to reflect the correct date and time. The driver in that case argued the machine malfunctioned and it was not clear whether the officer was available to testify. This Court, relying upon *Stuhr*, held, "A claim that test results are invalid will only succeed if there is evidence that a malfunction occurred in spite of the adherence of the person administering the test to correct test procedure." *Novosel*, 796 at 895. Finding no evidence of a malfunction, this Court reversed the trial court's reinstatement of the driver's license. *Id.*

■ Here, there was no evidence presented that the machine malfunctioned. As a result, the alteration of the printout was irrelevant to the test results which were admitted to without objection through the certified alcohol influence report. "Test results as recorded in the certified Alcohol Influence Report are sufficient to establish blood alcohol content even if the printout tape is illegible or not produced." *Grace v. Director of Revenue*, 77 S.W.3d 29, 33 (Mo.App. E.D.2002). Moreover, the test results are admissible through either the alcohol influence report or an officer's testimony; both are not necessary for the Director to meet her burden. *Id.* at 33.

In this case, the BAC result as noted in the alcohol influence report was admissible to show Driver's BAC. Therefore, the Director satisfied her prima facie burden for suspension, even with the printout being deemed inadmissible. "When a petitioner had the opportunity to present evidence but fails to do so, and the Director makes a prima facie case, we reverse and remand for judgment, not another hearing." *Id.* at 34. *See also, Fainer*, 123 S.W.3d at 307; *Tinker*, 125 S.W.3d at 331. Accordingly, we reverse the trial court's judgment and remand the cause to the trial court to enter judgment reinstating the suspension of Driver's license.

GARY M. GAERTNER, SR., J., and ROBERT G. DOWD, J., concur.