Samuel BELL, Petitioner–Appellant,

v.

DIRECTOR OF REVENUE, STATE of Missouri, Respondent–Respondent.

No. 28223.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 29, 2008.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jessica L. Blome, for Respondent.

Devin S. Kirby, for Appellant.

NANCY STEFFEN RAHMEYER, Judge.

Samuel Bell ("Appellant") was arrested on the evening of September 3, 2004, for driving while intoxicated, in violation of section 577.010.[1] After determining that Appellant was arrested upon probable cause to believe that he was driving a motor vehicle while intoxicated, the Director of Revenue ("Respondent") notified Appellant that his driving privileges would be suspended for thirty days, followed by sixty days of restricted driving, pursuant to section 302.505. Appellant requested an administrative hearing, which resulted in an affirmation of Respondent's suspension of Appellant's license. Appellant then requested a trial *de novo* in the circuit court of Ripley County. The Ripley County Circuit Court found that Appellant was "arrested upon probable cause to believe that he had committed an alcohol-related traffic offense." Appellant appeals this finding stating that the trial court erred because Respondent failed to prove that Appellant was arrested upon probable cause. We disagree.

Viewing the evidence in the light most favorable to the findings of the trial court, *York v. Director of Revenue*, 186 S.W.3d 267, 269 (Mo. banc 2006), the following evidence was adduced at trial. On the evening of September 3, 2004, Ripley County Deputy Sheriff Benjamin Hall responded to a report that an ATV was driving carelessly and imprudently on 142 East County Road 24, or Golf Course Road. Deputy Hall turned onto 142 East County Road 24 and could see the taillights of what he believed was the ATV ahead of him. As he approached the ATV he could see that the ATV did not have a proper slow-moving vehicle sign or warning flags, which are required by Missouri law. Deputy Hall saw the ATV turn into the parking lot of a closed golf course and watched as the ATV drove behind the parking barracks. Deciding that this behavior was suspicious, Deputy Hall motioned for the driver to approach. Deputy Hall testified that when Appellant approached he immediately smelled a strong odor of alcohol and observed Appellant's bloodshot eyes. Additionally, the officer noted that Appellant was confused or "otherwise indifferent" to Deputy Hall's presence.

After encountering Appellant, Deputy Hall decided to administer field sobriety tests. The three field sobriety tests included the walk-and-turn test, the one-leg stand test, and the horizontal gaze nystagmus test. Appellant failed all three tests. During the walk-and-turn test, Appellant "stopped in mid-stride to steady himself," "didn't touch heel-to-toe," "lost his balance while walking," and he stepped off the line more than three times. During the one-leg stand test, Appellant "swayed while balancing, he used his arms to balance, and put his foot down more than three times." Finally, during the horizontal gaze nystagmus test, Deputy Hall determined that Appellant was impaired because he had "[n]o smooth pursuit in either eye; distinct nystagmus, which is

---

**1.** All references to statutes are to RSMo 2000, unless otherwise specified.

jerking of the eye, at maximum deviation; and onset nystagmus prior to [forty-five] degrees with some white showing." According to Deputy Hall's training at the Missouri Sheriff's Training Academy, Appellant's failure during each of these exams indicated that Appellant was impaired by an intoxicating substance. After Appellant failed all three tests, Deputy Hall placed Appellant under arrest for driving while intoxicated.

Appellant was transported to the Doniphan Police Department where he consented to a breath test to determine the alcohol content of his blood. Deputy Hall testified that he observed Appellant for fifteen minutes to ensure that Appellant did not eat or drink anything prior to the breath test, as required by 19 C.S.R. 25–30.060. Corporal Mark Capps, of the Doniphan Police Department, then administered the breath test. The breath test showed Appellant had a blood alcohol concentration of .172 percent, which was more than Missouri's then legal limit of .10 percent.[2]

■ For Appellant's driving privileges to be suspended under section 302.505.1, the Director of Revenue had to show, by a preponderance of the evidence, that (1) the driver was arrested on probable cause that he was committing an alcohol-related driving offense, and (2) the driver had been driving at a time when his blood alcohol concentration was at least .08 percent by weight.[3] *House v. Director of Revenue, State of Mo.,* 997 S.W.2d 135, 138 (Mo.App. S.D.1999). Appellant alleges:

> The trial court erred by sustaining [Respondent's] suspension of Appellant's driving privileges because [Respondent] failed to prove that the Appellant was arrested upon probable cause to believe the Appellant was driving a motor vehicle while intoxicated.[4]

■ The standard of appellate review that applies to review of a judgment upon trial *de novo* in a proceeding under section 302.535 is the same as any other court-tried proceeding. *House,* 997 S.W.2d at 138. Thus, this Court will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.* In determining whether there is substantial evidence to support the trial court's judgment, this Court must defer to the trial court's ability to ascertain facts. *Engelage v. Director of Revenue,* 197 S.W.3d 197, 198 (Mo.App.

---

**2.** At the time of Appellant's arrest the legal blood alcohol limit in Missouri was .10 percent; however, under section 577.012 RSMo Cum.Supp.2006, Missouri's legal limit is now .08 percent.

**3.** Under *House,* the blood alcohol level was .10 percent by weight. Section 302.505.1 was changed effective 2001 to .08 percent.

**4.** In his argument, Appellant indicates that Respondent did not meet her burden because Deputy Hall did not receive National Highway Traffic Safety Administration ("NHTSA") training for the administration of the field sobriety tests and, although Appellant never argues this proposition fully, his statements imply that the trial court erred in admitting the evidence regarding the field sobriety tests.

Appellant has not preserved the evidentiary argument for review, however. Where Appellant does not include a claim in his point relied on, he has preserved nothing for appellate review. *State v. Holliday,* 231 S.W.3d 287, 295 (Mo.App. W.D.2007) (where appellant did not include a claim of insufficient evidence in his point relied on, he failed to preserve any such claim for appellate review). Further, Appellant did not include in his argument the proper standard of review for an evidentiary argument and he cites no authority for his propositions. Therefore, this Court will only address Appellant's point relied on, which challenges the findings of probable cause.

W.D.2006). This Court also defers to the trial court's determination of credibility of the witness testimony. *Verdoorn v. Director of Revenue,* 119 S.W.3d 543, 545 (Mo. banc 2003).

 Probable cause will exist when the surrounding facts and circumstances demonstrate to the senses of a reasonably prudent person that a particular offense has been or is being committed. *Brown v. Director of Revenue,* 85 S.W.3d 1, 4 (Mo. banc 2002). "[P]robable cause will exist 'when a police officer observes an unusual or illegal operation of a motor vehicle and observes indicia of intoxication upon coming into contact with the motorist.'" *Id.* (*quoting Rain v. Director of Revenue, State of Mo.,* 46 S.W.3d 584, 587 (Mo.App. E.D.2001)). The trial court was presented with evidence that the officer was responding to a call of someone driving carelessly and imprudently after eleven o'clock at night at a golf course that was closed with no one else around. The officer observed the slow-moving vehicle on a public road without proper signs. When the officer encountered Appellant, he observed bloodshot eyes and smelled a strong odor of intoxicating liquor on Appellant's breath. Deputy Hall noted that Appellant's demeanor was "confused" and "indifferent." Finally, Appellant failed each of the three field sobriety tests administered too him in the golf course parking lot. From the evidence adduced at trial, it is clear the trial court had substantial evidence to find that a reasonably prudent officer could find that Appellant was committing an alcohol-related driving offense.

Appellant's point is denied. The ruling of the trial court is affirmed.

LYNCH, C.J., and BATES, J., concur.