James Leroy COLHOUER, III,
Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, State of
Missouri, Respondent–Appellant.

No. SD 29379.

Missouri Court of Appeals,
Southern District,
Division Two.

April 23, 2009.

Chris Koster, Atty. Gen., James A. Chenault, III, Jefferson City, MO, for Appellant.

Matthew W. Jackson Kennett, MO, for Respondent (No brief filed).

NANCY STEFFEN RAHMEYER, Judge.

James Leroy Colhouer, III ("Colhouer"), had his driver's license suspended/revoked by the Director of Revenue ("the Director"), pursuant to section 302.505[1]; he filed a petition for review in the circuit court and successfully argued that the Director had not complied with the appropriate statutes and the Code of State Regulations.

We first note that there is a scant record from which to discern the basis of the trial court's decision. The six-page transcript indicates that the Director submitted Exhibit A, which included an Alcohol Influence Report ("AIR"), the narrative, the breath test and maintenance documents. Colhouer did not object to the exhibit, nor did he put on any evidence. Colhouer simply argued to the court:

> [T]he Certification of Examination by Operator was not completely filled out or properly filled out as required by the statutes and regulations as outlined in [Colhouer's] petition.[2] Specifically, [ ]

the regulations require minimum information of location of the Breathalyzer and the serial number of the DataMaster machine, neither of which appears on this form, and statutory regulations require strict compliance with these statutes and regulations.

Colhouer further noted that he received a letter from the Director which stated the arrest report was incomplete and required more information from the Kennett Police Department in order for the Director to "take the necessary action." Colhouer argued to the court:

> the regulations say that, including certification, such shall be completed at any breath test at the time of test. I don't know what was completed and what wasn't completed. We were never notified by the State what was not completed but I'm assuming it must have been something important and the statutes and regulations require that be completed at that time.

Based on the letter and supposition that it was something important that the statutes and regulations required to be completed, Colhouer concluded that the failure to include the serial number and location of the machine was fatal to a valid report from the officer to the Director.

There is no indication anywhere in the record to what statutes and to what regulations Colhouer was referring nor did he claim that any cases supported his argument that the failure to strictly comply with that particular regulation in some way invalidated the Director's records in their entirety. Nevertheless, the trial

---

1. All references to statutes are to RSMo Cum. Supp. (2008), and all rule references are to Missouri Court Rules (2008), unless otherwise specified.

2. In his Petition, Colhouer claimed that the report on which the Director based her decision to suspend/revoke Colhouer's driving privilege did not meet the requirements of section 302.510 in that it did not contain the serial number of the DataMaster machine and the location of said machine.

court found, after considering the pleadings, including exhibits to Colhouer's petition, Exhibit A, and the argument of counsel, that the required operational checklist was not prepared in complete form at the time of the DataMaster test as required by statute and Code of State Regulations and set aside the suspension/revocation.

The Director brings this appeal claiming: [3]

> The court below erred in setting aside the suspension of [Colhouer's] driving privilege because the suspension was proper, in that the uncontroverted evidence established a proper foundation for admission of [Colhouer's] breath test result.

■ The Director's point appears to make little sense if it is an evidentiary complaint in that Colhouer's breath test result was admitted without objection and the trial court specifically states that it considered Exhibit A, which included the admission of the breath test results. It may be that the Director's complaint is that Exhibit A establishes a prima facie case, which was not rebutted by Colhouer and, therefore, the suspension should not have been set aside. The Director's argument supports the strained reading of the point relied on as the Director proffers that the judgment was unsupported by the evidence and erroneously applies the law. In that we must agree.[4]

■ The Director's burden under section 302.505 was to establish (1) the driver was arrested on probable cause that he committed an alcohol-related driving offense, and (2) the driver had been driving with a blood alcohol concentration ("BAC") that exceeded the statutory limit. *Bell v. Director of Revenue, State of Mo.*, 244 S.W.3d 231, 233 (Mo.App. S.D.2008).

■ Exhibit A was offered pursuant to section 302.312 and admitted without objection. Probable cause can be established solely from the Director's records. *See Little v. Vincent*, 248 S.W.3d 714, 716, 718 (Mo.App. S.D.2008) (stating that the only evidence submitted was the Director's records and finding probable cause existed). BAC can be established through a properly admitted AIR. *Tinker v. Director of Revenue*, 125 S.W.3d 329, 331 (Mo.App. E.D.2003). Evidence, admitted without objection, may be considered even if it may have been excluded upon a proper objection because failure to object constitutes a waiver of any objection by the party against whom the evidence is offered. *Barlow v. Fischer*, 103 S.W.3d 901, 907 (Mo.App. W.D.2003).

As noted, Exhibit A was admitted without objection; therefore, there can be no challenge to the foundation of the records. Exhibit A certainly shows more than the minimum evidence to indicate probable cause that Colhouer committed an alcohol-related driving offense. Specifically, Officer Waynick, shortly after a report that a vehicle had struck a building and left the scene, arrived at Colhouer's home and

---

**3.** Colhouer has not filed a brief on appeal. There is no penalty for a respondent failing to file a brief, however, this Court is forced to adjudicate the Director's claim of error without the benefit of whatever argument Colhouer might have raised. *Basham v. Williams*, 239 S.W.3d 717, 721 n. 3 (Mo.App. S.D.2007).

**4.** "Notwithstanding noncompliance with Rule 84.04, appellate courts may exercise discretion and attempt to resolve issues on their merits unless the defective point impeded disposition of the case on its merits." *Atkins v. McPhetridge*, 213 S.W.3d 116, 120 (Mo.App. S.D.2006) (citing *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997)). Only because there appears to be such a dearth of support for overturning the suspension do we exercise our discretion in favor of the Director in this case.

found that Colhouer's truck was parked in the driveway and had "extensive damage." Officer Waynick made contact with Colhouer and he admitted to driving the vehicle and striking the building. Officer Waynick noted that, despite claiming to only have had one glass of wine, Colhouer had a "strong odor of intoxicants on his breath and that his speech was slurred." The AIR also contains a box which states the BAC by weight to be .144%. Both of the requirements of section 302.505 were met.

In a case submitted entirely on the Director's records, a trial court must believe the Director's uncontradicted evidence unless a legitimate factual dispute or credibility determination exists, which "may arise if those documents are internally inconsistent with one another." *Little*, 248 S.W.3d at 719. The records contain the BAC DataMaster evidence ticket, the DataMaster maintenance report, and a certificate of analysis. Although the serial number of the DataMaster is not on the AIR, it is on the maintenance report and the DataMaster evidence ticket. We are at a loss to understand on what basis the trial court found noncompliance by the Director. No inconsistency exists in this case. The trial court erred in setting aside the suspension/revocation as it was against the weight of the evidence.

We reverse the judgment and remand the case with instructions for the trial court to reinstate the suspension/revocation previously ordered by the Director.

LYNCH, C.J., and BURRELL, P.J., concur.