**Kyle A. MELVIN, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 82325.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 16, 2004.

12

Jeremiah W. (Jay) Nixon, Atty. Gen., Shannon L. Haney, Jefferson City, MO, for appellant.

Nathan S. Cohen, Clayton, MO, for respondent.

BOOKER T. SHAW, Presiding Judge.

Director of Revenue ("Director") appeals from the trial court's judgment reinstating the driving privileges of Kyle A. Melvin ("Melvin"). Director argues that the trial court's judgment finding that the arresting officer did not have probable cause to arrest Melvin is not supported by substantial evidence because the court received into evidence the arresting officer's narrative of the incident and Melvin offered no evidence at trial to dispute Director's prima facie case. We agree with Director and reverse and remand the trial court's judgment for further proceedings consistent with this opinion.

On February 24, 2001, St. Louis Police Officer Sharon Rodebaugh witnessed Melvin driving a Ford Expedition that was stopped in the right lane of traffic and remained there for several minutes. Officer Rodebaugh stopped Melvin to issue a citation for impeding the flow of traffic. As she was issuing this citation to Melvin, she detected a moderate odor of alcohol on Melvin's breath, noticed that Melvin's eyes were watery and bloodshot, and that Melvin's speech was slurred. The Officer then asked Melvin to perform the one-leg stand field sobriety test during which Melvin swayed and put his foot down for balance. Melvin also admitted to the Officer that he had been drinking at the Grey Eagle Tent from 3:00–6:00 p.m. and that he drank four to six cups of beer.

Officer Rodebaugh then advised Melvin that he was under arrest for suspicion of driving under the influence of alcohol. Officer Steven McGuire later advised Melvin of the Missouri Implied Consent Law and performed a breath test that showed that Melvin's blood alcohol concentration was .179%. As a result, Melvin was charged with operating a motor vehicle while under the influence of alcohol.

Under Section 305.505, RSMo 2000, Director suspended Melvin's driving privileges and on April 26, 2001, Melvin filed a Petition for Review in St. Louis County Circuit Court. Director filed a motion to dismiss for improper venue and the case was subsequently transferred to the Circuit Court of the City of St. Louis. On November 12, 2002, this case was tried. Director partially submitted her case on the records and offered several exhibits into evidence at trial, including Exhibit A, the Alcohol Influence Report which encompassed Officer Rodebaugh's signed and notarized narrative and observations, and Exhibit B, Melvin's breath test results and the supporting documents to certify the instrument used to perform the breath test. Director's Exhibits A and B were admitted into evidence, over Melvin's objections. Director also offered at trial the testimony of Officer McGuire who performed Melvin's breath test. Melvin offered no evidence at trial to rebut Director's prima facie case.

In its judgment, the trial court held that Director's suspension should be removed from Melvin's record and that his driving privileges be reinstated. Specifically, the court held "[t]hat on 2–24–01 the arresting officer ... did not have probable cause to arrest [Melvin] for driving while intoxicated or an alcohol-related traffic offense; and, that [Melvin] had ... a blood alcohol concentration of .08%[1] or more by

---

1. It appears that the trial court mistakenly referred to the .08% blood alcohol concentration level when, on February 24, 2001, the date Melvin was arrested for driving while intoxicated, the prior standard of .10% blood alcohol concentration was in effect. Regardless of the trial court's reference here, the record is clear that Melvin had exceeded the

weight." At the end of the trial, the court reasoned that because the record before it was incomplete, particularly with respect to Exhibit A, it was entering judgment in favor of Melvin. Director appeals from the trial court's judgment.

■ On appeal, Director argues that the trial court's judgment finding that the arresting officer did not have probable cause to arrest Melvin is not supported by substantial evidence because the court received into evidence the arresting officer's narrative regarding the incident. Specifically, Director contends that this narrative stated that the Officer observed Melvin operating a vehicle illegally, detected a moderate odor of alcohol, Melvin admitted to drinking four to six cups of beer, and Melvin performed poorly on the one-leg stand field sobriety test. Finally, Director argues that Melvin offered no evidence at trial to dispute Director's prima facie case. We agree.

The trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Marsey v. Director of Revenue*, 19 S.W.3d 176, 177 (Mo.App. E.D.2000).

■ At trial, Director has the burden of proving, by a preponderance of the evidence, a prima facie case for suspension of a person's driving privileges that the driver was arrested upon probable cause that he or she was driving while intoxicated; and that the driver was driving at a time when his or her blood alcohol concentration was at least .10%. *Grace v. Director of Revenue*, 77 S.W.3d 29, 32 (Mo.App. E.D. 2002). Probable cause is determined from the facts and circumstances in each individual case. *Hopkins–Barken v. Director of Revenue*, 55 S.W.3d 882, 885 (Mo.App. E.D.2001). We consider the information the officer possesses prior to the arrest and the reasonable inferences that can be drawn from that information. *Id.* "Probable cause to arrest for driving while intoxicated exists when a police officer observes an unusual or illegal operation of a motor vehicle and observes indicia of intoxication upon coming into contact with the driver." *Id.*

Here, Officer Rodebaugh's signed and notarized narrative, which was included as part of Exhibit A, the Alcohol Influence Report admitted into evidence at trial, indicates that she witnessed Melvin stopped in the right lane of traffic for several minutes. After she stopped Melvin for impeding the flow of traffic, she smelled alcohol on Melvin's breath and observed that his speech was slurred. Officer Rodebaugh requested that Melvin perform the one-leg stand field sobriety test and observed that Melvin swayed and placed his foot down on the ground for balance. In addition, Melvin admitted to her that he drank four to six cups of beer before driving. We find that this evidence was sufficient to warrant probable cause to arrest Melvin for driving while under the influence of alcohol.

■ At trial, Melvin objected to Director's admission of Exhibits A and B on the bases that they were not in conformity with the business records statute and he did not receive copies of them within five days before trial. Contrary to Melvin's contentions, however, Director offered the records to the court pursuant to Section 302.312, RSMo 2000. This Section, unlike the general business records statute, does not impose a service requirement before

legal limit of .10% because the breath test results showed that his blood alcohol concentration at the time was .179%.

the records are admitted into evidence. Section 302.312, RSMo 2000; *Russell v. Director of Revenue*, 35 S.W.3d 507, 509 (Mo.App. E.D.2001). Therefore, Melvin's first objection to the admission of these records is without merit.

Melvin also objected at trial that Director's exhibits contained hearsay and were inadmissible at trial. However, hearsay evidence may be admitted when it is offered to explain the basis for probable cause to arrest, and not for the truth of the matter asserted. *Eskew v. Director of Revenue*, 17 S.W.3d 159, 162 (Mo.App. E.D.2000). Therefore, this objection to the admission of Director's exhibits is also without merit.

Finally, to the extent the trial court held that the Director's exhibits, particularly Exhibit A, was inadmissible because it was missing pages and was incomplete, the trial court erred. Director's Exhibit A contained four pages of Officer Rodebaugh's Alcohol Influence Report, including the majority of a detailed narrative of her observations regarding the facts leading up to Melvin's arrest as described above, which was signed and notarized. Although there appear to be pages missing from this report, they were not necessary for the trial court to find that probable cause existed here because Officer Rodebaugh's necessary observations were contained in the four pages of the Alcohol Influence Report and narrative. *See Marsey*, 19 S.W.3d at 177 (reversing and remanding a trial court's finding of no probable cause to arrest when the case was submitted on the records by Director with no testimony adduced at trial and one page of the Alcohol Influence Report was missing from the evidence). As a result, the trial court erred in not finding probable cause to arrest Melvin for violation of an alcohol-related offense and reinstating Melvin's driving privileges.

We reverse and remand the trial court's judgment for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

LAWRENCE G. CRAHAN and PATRICIA L. COHEN, JJ., concur.