Elizabeth Ann **DENTON**, Petitioner–Appellant,

v.

**DIRECTOR OF REVENUE,**
Defendant–Respondent.

No. 26640.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 3, 2005.

Jeffrey Green, Osage Beach, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Cheryl Caponegro Nield, Associate Solicitor, Jefferson City, MO, for Respondent.

JAMES K. PREWITT, Presiding Judge.

Elizabeth Ann Denton ("Appellant") appeals the trial court's judgment affirming the suspension of her driving privileges by the Missouri Department of Revenue ("Respondent"), pursuant to § 302.505, RSMo 2004. There was no testimony at the trial, the parties having stipulated "to submit on the record" various documents presented to the trial court. The facts hereinafter stated come from those documents.

At or around 1:14 a.m. on April 9, 2004, City of Osage Beach Police Officer Alex Little responded to a vehicle-rollover collision. At the scene, Little observed a green Chevy Blazer on its top with two individuals next to the vehicle. The individuals identified themselves as Appellant, age 18, and Trevor Gardner, both of whom indicated Appellant was driving the vehicle at the time of the collision. Appellant stated that she lost control of the vehicle after swerving to avoid a deer in the road.

Little smelled intoxicants on Appellant's breath and proceeded to administer a horizontal gaze nystagmus test, which Appellant passed. Appellant then consented to a breath test. Upon examination of the vehicle, another officer found marijuana. Appellant and Gardner were arrested for possession of marijuana. At the police station, Appellant passed a walk-and-turn test and a one leg stand test. Appellant admitted to smoking marijuana seventy-two hours prior to the accident and drink-

ing alcohol three hours prior to the accident. Little then administered a breathalyzer test, which registered Appellant's blood-alcohol content ("BAC") at .02 percent.

Based upon the BAC test results, Appellant's driving privileges were revoked by the Respondent. At Appellant's request, an administrative hearing was held on June 24, 2004. Respondent concluded there was "probable cause to believe [Appellant] was driving a motor vehicle while the alcohol concentration in the blood was at or above the limit required by Section 304.505, RSMo, or if under age twenty-one, was stopped while operating a motor vehicle with a blood alcohol content of .02% or more by weight[.]"

Appellant filed a petition for review with the circuit court on July 15, 2004. On September 27, 2004, the court affirmed the decision of the Respondent. Appellant filed Notice of Appeal on October 29, 2004. Appellate review is undertaken pursuant to Rule 84.13(d). The trial *de novo*, although an appeal of the administrative hearing, is an original proceeding and is not judicial review of the administrative decision. *Petet v. State, Dept. of Social Services*, 32 S.W.3d 818, 821 (Mo.App. 2000).

Section 302.505.1, RSMo 2004, states:

The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was eight-hundredths of one percent or more by weight, based on the definition of alcohol concentration in section 302.500, or where such person was less than twenty-one years of age when stopped and was stopped upon probable cause to believe such person was driving while

intoxicated in violation of section 577.010, RSMo, or driving with excessive blood alcohol content in violation of section 577.012, RSMo, or upon probable cause to believe such person violated a state, county or municipal traffic offense and such person was driving with a blood alcohol content of two-hundredths of one percent or more by weight.

In point one, Appellant contends the court plainly erred in finding that Appellant failed to pass two of three field sobriety tests "giving rise to probable cause of intoxication" when "the evidence clearly showed that [Appellant] passed all field sobriety tests." Respondent counters that this "inaccuracy" in the judgment does not negate its "correct result."

Field sobriety tests are not the only element to determine probable cause of intoxication or drinking of alcohol. Field sobriety tests are not mandatory, as "[t]hey merely are an [aid] to an officer's other observations in determining whether he has probable cause for an arrest." *Chancellor v. Lohman*, 984 S.W.2d 857, 858 (Mo.App.1998).

Probable cause is based on the particular facts and circumstances in each individual case. *Hopkins–Barken v. Dir. of Revenue*, 55 S.W.3d 882, 885 (Mo.App. 2001). "We consider the information the officer possesses prior to the arrest and the reasonable inferences that can be drawn from that information." *Melvin v. Dir. of Revenue*, 130 S.W.3d 11, 14 (Mo. App.2004). "Probable cause to arrest for driving while intoxicated exists when a police officer observes an unusual or illegal operation of a motor vehicle and observes indicia of intoxication upon coming into contact with the driver." *Id.* Appellant's vehicle had flipped over. Appellant "admitted to drinking" and "had a moderate smell of alcohol on her breath with blood-

shot and glassy eyes." There was a sufficient basis for the officer to believe that probable cause existed.

■ This Court is primarily concerned with the trial court reaching the right result as opposed to the route taken by the trial court to reach that result. *Business Men's Assurance Co. of America v. Graham*, 984 S.W.2d 501, 506 (Mo.banc 1999). Point I is denied.

Point II, Appellant's remaining point, states:

The trial court erred in upholding Defendant/Appellee's decision in that Appellee failed to meet its burden of proof indicating that Plaintiff/Appellant was in violation of RSMo 302.505 because there was no evidence that a Plaintiff/Appellant under the age of twenty-one was stopped upon probable cause that Plaintiff/Appellant violated a state, county or municipal traffic offense and was driving with a blood alcohol content of two-hundredths of one percent or more by weight.

■ At a trial *de novo,* the Director has the burden of proving a *prima facie* case for the suspension of a driver's license by a preponderance of the evidence. *Neeley v. Dir. of Revenue,* 104 S.W.3d 797, 801 (Mo. App.2003). Appellant contends that Respondent failed to prove the three-prong test of § 302.505.1, RSMo 2000 required to suspend Appellant's license.

■ There was evidence showing that appellant had been driving the vehicle. At the scene, Appellant said she was operating it, and she admitted to operating it upon later questioning. "It is not necessary for an officer to actually observe a person driving to have probable cause to arrest the person for driving while intoxicated." *McFall v. Dir. of Rev.,* 162 S.W.3d 526, 531 (Mo.App.2005). An officer has

the right to rely upon information received other than personal observations. *Id.*

■ Appellant states in conclusion "the timeliness of the blood alcohol test is extremely questionable." Appellant offers no authority to establish proper timeliness of administering a blood alcohol test. "When a breathalyzer test is used to prove the element of blood alcohol level, there are additional foundational prerequisites." *Hall v. Dir. of Revenue,* 72 S.W.3d 231, 232 (Mo.App.2002). "Those prerequisites are: 1) the test was performed by following approved techniques and methods of the Division of Health, 2) the operator held a valid permit, and 3) the equipment and devices were approved by the Division." *Id.* Point two is denied.

The judgment is affirmed.

PARRISH, J., and RAHMEYER, J., concur.