Jerry A. HOLLON, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. WD 68507.

Missouri Court of Appeals, Western District.

Dec. 9, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 2009.

Application for Transfer Denied March 31, 2009.

Theodore A. Bruce, Jefferson City, MO, for Appellant.

Jonathan M. Guilfoil, Kansas City, MO, for Respondent.

Before: JOSEPH M. ELLIS, Presiding Judge, RONALD C. HOLLIGER, Judge and JOSEPH P. DANDURAND, Judge.

JOSEPH M. ELLIS, Presiding Judge.

The Director of Revenue for the State of Missouri appeals from a judgment entered in the Circuit Court of Caldwell County ordering the Director to reinstate the driving privileges of Jerry Hollon. The Director had revoked Hollon's driving privileges pursuant to § 577.041 for refusing to submit to a chemical test of his blood alcohol level following his arrest for driv-

ing while intoxicated. For the following reasons, the trial court's judgment is reversed.

On February 25, 2006, Corporal Jacob Angle of the Missouri Highway Patrol stopped Hollon for speeding on Highway 36 in Caldwell County. When Corporal Angle approached Hollon's car, he smelled alcohol and noticed that Hollon's eyes were glassy and watery. Corporal Angle asked Hollon to accompany him to his patrol car and, while inside the patrol car, confirmed that the smell of alcohol was coming from Hollon. When asked, Hollon admitted having consumed "a couple of drinks."

Corporal Angle then had Hollon perform two field sobriety tests involving counting and recitation of a portion of the alphabet, which he successfully performed. Corporal Angle also asked Hollon to take a portable breath test, which indicated that Hollon's blood alcohol level was over the legal limit. Corporal Angle then had Hollon step outside and perform the Romberg internal clock test and a finger-to-nose test, which he deemed Hollon to have failed.

Corporal Angle placed Hollon under arrest and transported him to the county jail. At the jail, Corporal Angle read the Miranda and implied consent warnings to him. After Hollon refused to submit to a chemical test of his blood alcohol level, his driver's license was confiscated, and his driving privilege was revoked by the Director for a period of one year.

Hollon timely filed a petition for review of the Director's decision in the Circuit Court of Caldwell County. At the review hearing, Hollon cross-examined Corporal Angle extensively about his failure to administer the field sobriety tests consistent with his training and National Highway and Transportation Safety Administration guidelines. Subsequently, the circuit court issued its judgment finding the Director

had failed to prove that Corporal Angle had reasonable grounds to believe that Hollon had been driving while intoxicated and ordered that Hollon's driving privileges be reinstated. In reaching that conclusion, the court determined that Corporal Angle had failed to properly conduct the field sobriety tests and that his impression that Hollon's speech was slurred was not credible. The Director brings two points on appeal.

This Court reviews the trial court's decision in a driver's license revocation case under the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Engelage v. Director of Revenue*, 197 S.W.3d 197, 198 (Mo.App. W.D.2006). "Accordingly, the trial court's decision will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it misstates or misapplies the law." *Id.* (internal quotations omitted). In reviewing the decision, "[w]e accept as true all evidence and inferences in favor of the prevailing party and disregard contrary evidence." *White v. Director of Revenue*, 227 S.W.3d 532, 534 (Mo.App. E.D.2007). "If the facts of a case are contested, then this Court defers to the trial court's determinations regarding those facts." *Guhr v. Director of Revenue*, 228 S.W.3d 581, 585 n. 3 (Mo. banc 2007). On the other hand, if the facts are not contested, "the issue is solely legal and there are no findings of fact for the appellate court to defer to." *Furne v. Director of Revenue*, 238 S.W.3d 177, 180 (Mo.App. W.D.2007).

■ In her first point, the Director contends that the trial court erred in concluding that Corporal Angle lacked reasonable grounds to believe Hollon was driving while intoxicated. The Director argues that the weight of the evidence established reasonable grounds and that the trial court

misapplied the law in concluding to the contrary.

■ At the hearing before the circuit court, the Director bears the burden of proving by a preponderance of the evidence (1) that the person was arrested, (2) that the officer had reasonable grounds to believe the individual was driving while intoxicated, and (3) that the person refused to submit to a chemical test of their blood alcohol level. *Engelage,* 197 S.W.3d at 201. If any of these elements are not sufficiently proven, the court is required to order the Director to reinstate the individual's driving privileges. *Storck v. Director of Revenue,* 59 S.W.3d 545, 548 (Mo.App. E.D.2001).

At the hearing before the circuit court, Hollon conceded that he had been arrested and that he had refused to submit to a chemical test. Thus, the only issue before the court was whether Corporal Angle had reasonable grounds to believe that Hollon had been driving while intoxicated.

" 'Reasonable grounds' is virtually synonymous with probable cause." *Norris v. Director of Revenue,* 156 S.W.3d 786, 788 (Mo.App. W.D.2005) (internal quotations omitted). "The level of proof necessary to show probable cause under section 302.505 is substantially less than that required to establish guilt beyond a reasonable doubt." *Brown v. Director of Revenue,* 85 S.W.3d 1, 4 (Mo. banc 2002) (internal quotations omitted). "In determining whether reasonable grounds exist, a court must evaluate the situation from the viewpoint of a cautious, trained, and prudent police officer at the time of the arrest." *Norris,* 156 S.W.3d at 788.

Hollon concedes that he was speeding, that he told the officer that he had con-

sumed a couple of drinks, that he had alcohol on his breath, and that his eyes were glassy and watery. These facts were sufficient for Corporal Angle to suspect that Hollon may have been driving while intoxicated and justified his decision to administer a portable breath test as authorized by § 577.021.

While the trial court found that the results of the portable breath test were unreliable and could not have been relied upon by a reasonable, prudent officer, its basis for doing so is not supported by the record. The court's stated reason for rejecting those test results was that "Trooper Angle actually had reason to believe or know that the petitioner had consumed alcoholic beverages within 15 minutes of the test, and should have known the PBT would not have any reliability under the circumstances." The court found that "it takes at least 15 minutes for residual mouth alcohol to evaporate from a driver's mouth." Corporal Angle's checklist for operation of the portable breath test provide that twenty minutes should elapse between the consumption of alcohol and breath analysis.

■ The videotape of the encounter that was submitted into evidence reflects that, when Corporal Angle asked Hollon when the last time he had a drink was, Hollon responded, "Laclede," which is a city 42 miles from where the stop occurred.[1] Corporal Angle and Hollon then had the following exchange:

> Corporal Angle: When was the last time you had something to drink? About how long ago?
>
> Hollon: Uh, 15.
>
> Corporal Angle: Ok.
>
> Hollon: Uh ... 10 minutes.

---

1. "This court and the trial court may take judicial notice of geographical facts, including Missouri's official highway map." *State v.* *Abeln,* 136 S.W.3d 803, 808 n. 3 (Mo.App. W.D.2004).

Corporal Angle: Ok.

Hollon: No, it would be longer than that.

Six minutes later, Corporal Angle administered the portable breath test.

Obviously, a finding that the trooper had reason to believe Hollon consumed an alcoholic beverage within 15 minutes of the portable breath test is simply not supported by the evidence or basic math. Corporal Angle stopped Hollon for driving 75 miles per hour in a 65 mile per hour zone. Hollon would have to have been consistently traveling at a much greater speed than that to have covered the 42 miles from Laclede in less than 10 minutes. Moreover, just adding six minutes to Hollon's estimate of over 10 minutes sets the time safely in excess of the 15 minutes the circuit court found was required for a portable breath test to be reliable. While it may well have been prudent to wait and observe Hollon for a longer period before administering the test, absent evidence that the officer should have believed the results were invalid, a trained and prudent officer could and would reasonably rely on the results of the portable breath test administered to Hollon in determining whether reasonable grounds existed for an arrest.

Hollon attempts to liken this case to *York v. Director of Revenue*, 186 S.W.3d 267 (Mo. banc 2006), and *Paty v. Director of Revenue*, 168 S.W.3d 625 (Mo.App. E.D. 2005), wherein portable breath tests given by the respective arresting officers were deemed too unreliable to provide support for reasonable grounds. Those cases, however, are readily distinguishable from the case at bar.

In *York*, an officer arrested the driver three minutes after he pulled over at a sobriety checkpoint. *York*, 186 S.W.3d at 269. In those three minutes, the officer administered three field sobriety tests and a portable breath test. *Id.* The officer testified at trial that she had not been trained on how to use the portable breath test and "admitted at trial that she improperly administered [the three field sobriety tests and the portable breath test] and that her failure to do so seriously compromised their validity." *Id.* at 269, 271. The Missouri Supreme Court determined that the trial court acted within its discretion in finding that the results of the portable breath test were not reliable. *Id.* at 272.

In *Paty*, the arresting officer did not hold a permit to use the portable breath test equipment, did not know how much training he had received, did not know what type of portable breath test unit he had been trained on, did not know if the portable breath test unit he used had ever been calibrated, and did not ask the driver when he had last consumed alcohol. *Paty*, 168 S.W.3d at 627, 631–32. The operator's manual was admitted into evidence to show that the officer had failed to follow the procedure required to obtain an accurate result. *Id.* at 631. The trial court found that the officer "did not receive any training in the use of the device in question and that he did not properly administer the test." *Id.* The court of appeals held that the trial court did not err in determining that the portable breath test results should be disregarded under those circumstances. *Id.* at 632.

In the case at bar, Corporal Angle was properly certified to operate the portable breath test machine at issue. Section 577.021 provides that a properly certified officer may administer a portable breath test to any persons suspected of operating a vehicle while intoxicated.[2] Furthermore,

**2.** Section 577.021 goes on to state that "[a]    test administered pursuant to this section

Corporal Angle asked the driver when he had last consumed alcohol, and a reasonable, prudent officer could rely on the answer provided by the driver. Thus, the facts of this case differ significantly from *York* and *Paty*.

■ Field sobriety test results supplement an officer's other observations in the overall determination of whether there is probable cause to arrest. *Findley v. Director of Revenue*, 204 S.W.3d 722, 727 (Mo.App. S.D.2006). When the portable breath test results in this case are considered in conjunction with the alcohol on Hollon's breath, his admission that he had been drinking, and his glassy and watery eyes, a cautious, trained, and prudent officer would believe he had reasonable grounds to arrest Hollon. *See Peters v. Director of Revenue*, 35 S.W.3d 891, 896–97 (Mo.App. S.D.2001) (holding probable cause to arrest established where driver was pulled over for speeding, smelled moderately of alcohol, admitted consuming some beer, had glassy eyes, and failed one field sobriety test); *see also Flaiz v. Director of Revenue*, 182 S.W.3d 244, 248–49 (Mo.App. W.D.2005).

Accordingly, the circuit court's judgment is reversed.[3]

All concur.

---

shall be admissible as evidence of probable cause to arrest." The section also "exempts PBTs from the Department of Health regulations that govern breath analysis tests admissible to prove that a defendant was intoxicated." *State v. Morgenroth*, 227 S.W.3d 517,

---

522 (Mo.App. S.D.2007) (internal quotation omitted).

3. Having reached this conclusion, we need not address the Director's remaining point on appeal.