**STATE of Missouri, Plaintiff–Appellant,**

v.

**Holly B. EMMETT, Defendant–Respondent.**

**No. SD 31013.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 16, 2011.

Stephen P. Gray, Marble Hill, MO, for Appellant.

Ellen H. Flottman, Columbia, MO, for Respondent.

GARY W. LYNCH, Judge.

The State appeals the trial court's order granting the motion to suppress evidence filed by Holly B. Emmett ("Defendant"). Finding that the State failed to carry its burden of proof, we affirm.

### Procedural Background

The testimony of the State's witnesses presented during an evidentiary hearing on Defendant's motion to suppress described the following events. Lacy Willis was working as a clerk in a convenience store one evening when Defendant entered the store with a male companion. Defendant spoke with Willis while Defendant's companion browsed the aisles. Defendant and the man then went out to their car for a short while and returned. When they returned, the man spoke with Willis, and Defendant browsed the aisles. Although Willis did not see Defendant take anything from the shelves of the store, she called the authorities.

Officer Richard Dettmer was dispatched to the scene with information "[t]hat there was a white male and a white female in the parking lot and that they had put some stuff in their pockets and that they [were] still on the premises." When Officer Dettmer arrived at the scene, he encountered Defendant and her companion in the parking lot of the convenience store. Officer Dettmer asked Defendant and her companion to come inside the store, where Willis and a customer explained the situation to the officer, "but not really in detail[.]" Based on the information Officer Dettmer obtained from Willis, he asked Defendant and her companion to empty their pockets. Defendant "had some pills in her pocket wrapped up in cellophane." The officer suspected the pills were narcotics, and he arrested Defendant for possession of a controlled substance.

Defendant's companion was arrested on outstanding warrants. The officer advised Defendant and her companion of their *Miranda*[1] rights and put Defendant into a patrol car. Defendant then gave the officer consent to search her car.

A computer check revealed that the car parked in front of the convenience store belonged to Defendant. Officer Dettmer looked through the car window and saw a bottle of oil on the floorboard that matched the description of a bottle the store clerk had reported missing. Later, Officer Dettmer opened the car door to retrieve the bottle of oil and, in the middle of the seat, discovered a spoon with a white residue. In the handle of the passenger side door, he found syringes. An unlabeled prescription bottle rested on the car's floorboard. Officer Dettmer then spoke with Defendant who said that she and her companion had melted Oxycontin in the spoon and were "shooting or snorting it."

Defendant was charged with possession of a controlled substance and unlawful use of drug paraphernalia. Defendant filed a motion to suppress the evidence found in her car, claiming that Defendant's arrest was unlawful because it was made without probable cause and thus the evidence seized during the subsequent search of the car should be suppressed as the fruit of the poisonous tree. The trial court granted the motion. The State appeals, arguing that the trial court incorrectly applied the law in granting the motion to suppress because there was probable cause to arrest Defendant for stealing and thus the subsequent search was permissible under the Fourth Amendment.

### Standard of Review

"Where a trial court has granted [a] defendant's motion to suppress, 'we review the trial court's decision on appeal under an abuse of discretion standard. Only if the trial court's judgment is clearly erroneous will an appellate court reverse." *State v. Pfleiderer,* 8 S.W.3d 249, 253 (Mo. App.1999) (quoting *State v. Milliorn,* 794 S.W.2d 181, 183 (Mo. banc 1990)). "[W]e

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

view the evidence presented and all reasonable inferences drawn therefrom in the light most favorable to the trial court's order and disregard all evidence and inferences to the contrary." *Id.* We defer to the factual findings and credibility determinations made by the circuit court, remembering that the circuit court "may choose to believe or disbelieve all or any part of the testimony presented by the State, even though it may be uncontradicted, and may find the State failed to meet its burden of proof." *Id.*

### *Discussion*

■ The State argues that the evidence found in Defendant's car should not have been suppressed because it was found during a search incident to a lawful arrest regardless of whether the arresting officer articulated the correct basis for the arrest. Defendant responds that there was no probable cause to support the arrest and that even if there had been, the initial search of Defendant's pockets was unlawful. Both contentions miss the mark because, when viewed under the proper standard of review, the record supports that, while the State met its burden to produce evidence, that evidence was not deemed credible by the trial court and failed to persuade the trial court that the contraband in Defendant's car was constitutionally seized by the State.

■ "The State has the burden of showing by a preponderance of evidence that the motion to suppress should be denied." *State v. Solt,* 48 S.W.3d 677, 678 (Mo.App. 2001). This includes both the burden of producing evidence and the risk of nonpersuasion. *State v. Abeln,* 136 S.W.3d 803, 807 (Mo.App.2004).

Without citation to any factual support in the record or relevant supporting legal authority, the State initiates its argument with the conclusion that "[t]he essential facts are not in dispute." Based upon this premise, the State builds its argument for trial court error by treating all of the testimony of its witnesses as true and relying upon inferences drawn from that testimony that are contrary to the trial court's decision.

Nothing in our review of the record, however, supports the State's contention that the facts were not in dispute. Defendant filed a motion to suppress the evidence challenging the legality of her arrest. The State produced three witnesses to provide testimony as to the circumstances surrounding that arrest.[2] There are no factual stipulations in the record. Defendant cross-examined all three witnesses, challenging their testimony and eliciting responses such as, "I don't remember the rest of them[,]" "I don't remember offhand[,]" "It's been too long ago[,]" "As best as I recall," "I don't make a habit of doing that[,]" "You just don't have the luxury of doing that[,]" and "I was, I guess, more concerned with the male subject at the time." Defendant also elicited admissions that a witness just "assumed that this woman was acting with this man in a theft[,]" and that a witness did not provide a statement at the time of the incident, but rather had only recently given a written statement, and pointed out inconsistencies between a witness's testimony and his prior written report. In short, the State's premise that the facts are not disputed has no factual support in the record and, in the absence of citation to any relevant supporting legal authority, has no basis in the law.

We need not engage in research in an effort to support or refute the State's premise. *See Thummel v. King,* 570

---

**2.** The only documentary evidence admitted during the hearing consisted of three arrest warrants for the man described by the witnesses as Defendant's "companion" that were outstanding at the time of Defendant's arrest.

S.W.2d 679, 687 (Mo. banc 1978) (finding that a court on appeal need not search for precedential support to overrule an appellant's contention). We note, however, that in the civil context, our Supreme Court has held that facts may be contested by simple argument or cross-examination. *White v. Dir. of Revenue*, 321 S.W.3d 298, 308–09 (Mo. banc 2010). We see no reason why this concept would not apply in a criminal case, as well.

Here, Defendant contested the facts when her attorney cross-examined the State's witnesses. Consequently, we must view that testimony in the light most favorable to the trial court's ruling.[3] *Abeln*, 136 S.W.3d at 807. In that process, we defer to the trial court's credibility determinations, remembering that the trial court "may choose to believe or disbelieve all or any part of the testimony presented by the State, even though it may be uncontradicted, and may find the State failed to meet its burden of proof." *Id.* The trial court was free to disbelieve some or all of the testimony presented by the State and, in that context, was not persuaded that the State either legally seized Defendant in the parking lot in the first instance, legally searched Defendant's pockets in the second instance, or legally arrested Defendant in the third instance. As this risk of non-persuasion falls upon the State, *id.*, the trial court did not clearly err in sustaining Defendant's Motion to Suppress. Point denied.

### Decision

The trial court's order sustaining Defendant's Motion to Suppress is affirmed.

BURRELL, P.J., C.J., and RAHMEYER, J., concur.

---

3. The standard of review also serves to distinguish the present case from *United States v. Kalter*, 5 F.3d 1166 (8th Cir.1993); *State v. Shaw*, 81 S.W.3d 75 (Mo.App.2002); and *State v. Heitman*, 589 S.W.2d 249 (Mo. banc 1979), upon which the State relies. In each of those cases, the trial court *denied* the motion to suppress, and the claim was raised as a point of error after the defendant had been convicted. *Kalter*, 5 F.3d at 1167; *Shaw*, 81 S.W.3d at 76; *Heitman*, 589 S.W.2d at 253. When reviewed on appeal, the evidence had to be viewed in the light most favorable to the denial of the motion. *See Abeln*, 136 S.W.3d at 807. In the present case, however, the motion was granted, thus the evidence must be viewed in the opposite light. These cases therefore shed little light on the proper application of the law in the present case.