JOSEPH M. ELLIS, Judge.
The State of Missouri appeals from an order issued in the Circuit Court of Johnson County granting Kathryn Avent’s motion to suppress evidence obtained subsequent to her arrest for driving while intoxicated based upon a lack of probable cause to support her arrest. For the following reasons, the trial court’s decision is affirmed.
At approximately 7:16 p.m. on June 22, 2012, Corporal Joshua Owens of the Missouri Highway Patrol stopped Avent for speeding on Montserrat Park Road in Johnson County.[1] After detecting alcohol on Avent’s breath, Corporal Owens questioned Avent and asked her to perform several field sobriety tests including a horizontal gaze nastagmus test (“HGN”), a walk-and-turn test, a one-leg-stand test, and a portable breath test. At the conclusion of those tests, despite Avent having performed well on the walk-and-turn and one-leg-stand tests, Corporal Owens placed Avent under arrest for driving while intoxicated in violation of § 577.010. After being taken to the police station, read Miranda warnings, and advised of the implied consent law, Avent consented to a chemical test of her breath which indicated that her blood alcohol content was in excess of .08 percent by weight.
After being charged by information with driving while intoxicated, Avent filed a motion to suppress the results of the breathalyzer test and any statements made by her following her arrest, claiming that Corporal Owens lacked probable cause to support his decision to place her under arrest. After hearing evidence and argument on that motion, the trial court granted Avent’s motion and ordered any evidence obtained after her arrest suppressed.[2]
In its sole point on appeal,[3] the State claims that the trial court clearly erred in sustaining Avent’s motion to suppress “in that the facts that Defendant had watery and glassy eyes, Defendant admitted to consuming four or five beers, Defendant emitted a strong odor of alcohol, Defendant exhibited six out of six clues of intoxication on the horizontal gaze nystagmus test, and Defendant’s breath tested positive for alcohol through the portable breath test established probable cause to arrest Defendant for driving while intoxicated.” In making this argument, the State, contrary to our standard of review, disregards the ability of the trial court to make credibility determinations and to weigh the evidence, discounts evidence favorable to Avent, and fails to view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the trial court’s ruling.
*252 Where a motion to suppress, has been filed by a criminal defendant, “[t]he State has the burden of showing by a preponderance of the evidence that the motion to suppress should be denied.” State v. Emmett, 346 S.W.3d 418, 420 (Mo.App. S.D.2011) (internal quotation omitted). “This includes both the burden of producing evidence and the risk of non-persuasion.” Id. at 419; see also State v. Harris, 305 S.W.3d 482, 485 (Mo.App. E.D.2010) (“[T]he State has the burden of production and persuasion to show by a preponderance of the evidence that a defendant’s motion to suppress should be overruled.”). “Probable cause exists where the facts and circumstances within the police officers’ knowledge, and of which they have reliable and trustworthy information, would warrant a person of reasonable caution to believe that the person being arrested had committed the offense.” State v. Johnson, 354 S.W.3d 627, 634 n. 6 (Mo. banc 2011) (internal quotation omitted).
“ ‘Where a trial court has granted a defendant’s motion to suppress, ‘we review the trial court’s decision on appeal under an abuse of discretion standard. Only if the trial court’s judgment is clearly erroneous will an appellate court reverse.’ ’ ” Emmett, 346 S.W.3d at 419 (quoting State v. Pfleiderer, 8 S.W.3d 249, 253 (Mo.App. W.D.1999) (quoting State v. Milliorn, 794 S.W.2d 181, 183 (Mo. banc 1990))). “Review is limited to determining whether the decision is supported by substantial evidence.” State v. Stover, 388 S.W.3d 138, 149 (Mo. banc 2012). In making that determination, “[t]he facts and reasonable inferences from such facts are considered favorably to the trial court’s ruling and contrary evidence and inferences are disregarded.” State v. Norfolk, 366 S.W.3d 528, 531 (Mo. banc 2012). “We defer to the factual findings and credibility determinations made by the circuit court, remembering that the circuit court may choose to believe or disbelieve all or any part of the testimony presented by the State, even though it may be uncontradict-ed, and may find the State failed to meet its burden of proof.”[4] Emmett, 346 S.W.3d at 420 (internal quotation omitted); see also State v. Mignone, 411 S.W.3d 361, 363-64 (Mo.App. W.D.2013). “The weight of the evidence and the credibility of the witnesses are for the trial court’s determination.” State v. Kovach, 839 S.W.2d 303, 307 (Mo.App. S.D.1992).
Where the trial court makes no findings of fact in ruling on the motion to suppress, the trial court is presumed to have found all facts in accordance with its ruling. State v. Gaw, 285 S.W.3d 318, 324, 325 (Mo. banc 2009);[5] Foster, 392 S.W.3d *253 at 578-79; State v. Hamilton, 227 S.W.3d 514, 515 (Mo.App. S.D.2007); State v. Abeln, 136 S.W.3d 803, 808 (Mo.App. W.D.2004); State v. Kampschroeder, 985 S.W.2d 396, 398 (Mo.App. E.D.1999); State v. Lacy, 851 S.W.2d 623, 627 (Mo.App. E.D.1993); State v. Morr, 811 S.W.2d 794, 796 (Mo.App. W.D.1991). The trial court will be deemed to have implicitly found not credible, or entitled to little to no weight, any testimony or other evidence that does not support its ruling. Lacy, 851 S.W.2d at 627; State v. Banks, 922 S.W.2d 32, 40 (Mo.App. S.D.1996).[6] “If the ruling is plausible, in light of the record viewed in its entirety, we will not reverse, even if we would have weighed the evidence differently.” Harris, 305 S.W.3d at 485; Milliorn, 794 S.W.2d at 184.
We note, at the outset, that this is not a case where the trial court’s decision was rendered based on stipulated facts and the question presented to the trial court was merely an issue of law. The factual issues in this case were clearly contested. “A factual issue is contested if disputed in any manner, including by contesting the evidence presented to prove that fact.” Pearson v. Koster, 367 S.W.3d 36, 44 (Mo. banc 2012). “[A] party can contest the evidence in many ways, such as by putting forth contrary evidence, cross-examining a witness, challenging the. credibility of a witness, pointing out inconsistencies in evidence, or arguing the meaning of the evidence.” Id. “Once contested, a trial court is free to disbelieve any, all or none of the evidence, and the appellate court is not to re-evaluate testimony through its own perspective.” Id. (internal quotation omitted).
Avent filed a motion to suppress the evidence challenging the legality of her arrest. The State produced Corporal Owens to testify as to the circumstances surrounding that arrest. Avent cross-examined Corporal Owens, challenging his testimony by inferring bias and partiality, pointing out Corporal Owens selective omission of observations favorable to Avent, and by questioning the evidentiary weight of his observations and the reasonableness of inferences drawn therefrom. Avent obtained admissions by Corporal Owens that his various observations were indicative of the fact alcohol had been consumed but were not indicative of the amount consumed. Avent also elicited an abundance of testimony from Corporal Owens indicative of her not being intoxicated. Accordingly, the underlying facts of this case were certainly contested.[7] See Emmett, 346 S.W.3d at 420 *254 (noting that the State’s contention that the facts were not in dispute was belied by the fact the defendant filed a motion to suppress challenging the legality of her arrest, there were no factual stipulations in the record, the State produced witnesses to testify about the circumstances of the arrest, and the defendant cross-examined those witnesses); Mignone, 411 S.W.Bd at 364 (“Mignone contested the evidence through cross-examination of the trooper regarding his observations and by argument to the trial court regarding the nature and quality of the evidence.”).
While Avent conceded during oral argument that she had admitted consuming alcohol on the day of her arrest, that a PBT was administered, and that she had alcohol on her breath,[8] Avent affirmatively *255 asserts on appeal that the trial court was not obligated to, and presumably did not, accept as credible Corporal Owen’s testimony regarding (a) her having watery/glassy eyes,[9] (b) her admitting to have consumed four or five beers in the four to five hours preceding her arrest, (c) her having a strong odor of alcohol on her breath, or (d) her exhibiting six clues of intoxication on the HGN test. The State, on the other hand, takes the position that, because the trial court made some gratuitous oral statements about some of the State’s evidence during the hearing,[10] the trial court must be deemed to have accepted all of the remaining testimony from Corporal Owens as credible and entitled to great weight. The State then argues that the testimony of Corporal Owens not specifically referenced in the trial court’s gratuitous comments — Corporal Owens’ testimony regarding her having watery/glassy eyes, her admitting to have consumed four or five beers in the four to five hours preceding her arrest, her having a strong odor of alcohol on her breath, the PBT, and her exhibiting six clues of intoxication on the HGN test — was “sufficient” to establish that Corporal Owens had a reasonable belief that Avert was driving while intoxicated.
Under our standard of review, however, the issue before this Court is not whether the evidence presented would have been sufficient to support a contrary decision. Rather, the issue is whether the trial court clearly erred in concluding that the State failed to prove that probable cause existed, deferring to the trial court’s ability to assess credibility and the weight to be given to the evidence. The trial court was not bound to believe any of Corporal Owen’s testimony, even if uncon-tradicted, and the fact that the court made gratuitous comments related to some of the evidence does not establish that the *256 remaining evidence was deemed- credible or entitled to any evidentiary weight. In fact, gratuitous oral statements made by the trial court are to be disregarded by this Court entirely unless there is an ambiguity in the language of the written judgment or order. Harvey v. Director of Revenue, 371 S.W.3d 824, 828 (Mo.App. W.D.2012).[11]
Thus, under our standard of review, the trial court must be deemed to have found not credible, or entitled to little weight, Corporal Owens’ testimony regarding Avent having watery/glassy eyes, her admitting to have consumed four or five beers in the four to five hours preceding her arrest, her having a strong odor of alcohol on her breath, and her exhibiting six clues of intoxication on the HGN test.
The State’s reliance on Hollon v. Director of Revenue, 277 S.W.3d 734, 736 (Mo.App. W.D.2008), in support of its argument is likewise misplaced. Hollon was a court-tried, civil, license-revocation case decided prior to White v. Director of Revenue, 321 S.W.3d 298 (Mo. banc 2010). Prior to White, license revocation cases “applied section 302.535 to create a presumption of validity of the director’s evidence [and] to place a burden on the driver to produce evidence that controverts or contradicts the director’s evidence for the trial court to disbelieve the evidence on a contested issue.” White, 321 S.W.3d at 307. Thus, in Hollon, we held that the trial court’s finding that the portable breath test results in that case were unreliable was not supported by the record. Hollon, 277 S.W.3d at 737. The PBT results reflected that Hollon’s blood alcohol level was over the legal limit. Id. at 735. Combining the PBT result with the conceded facts that Hollon was speeding, that he told the officer he had recently consumed a couple of drinks, that he had alcohol on his breath, and that his eyes were glassy and’ watery, this Court concluded that “a cautious, trained, and prudent officer would believe he had reasonable grounds to arrest.” Hollon, 277 S.W.3d at 738. But White overruled all those cases that had created a presumption of validity for the director’s evidence and placed a burden on the driver to produce evidence to the contrary. White, 321 S.W.3d at 307. That approach is no longer proper, and Hollon provides no support for the State’s argument in the post-White era. Moreover, the fact that the PBT results showed intoxication in Hollon, as opposed to merely showing alcohol on Avent’s breath in the case at bar; the fact that alcohol was admitted to having been consumed within an hour of the stop in Hollon as opposed to having simply been consumed sometime earlier in the day in the case at bar; and the fact that more evidence favorable to the driver was presented in this case, clearly distinguishes these two cases.[12]
*257 Properly viewed in accordance with our standard of review, the evidence in this case reflects that Corporal Owens was aware that Avent was speeding, that she had some alcohol on her breath, a fact confirmed by the PBT, and that she had admitted having consumed some alcohol on the afternoon in question. Corporal Owens was also aware that she had exhibited a significant number of behaviors and physical characteristics indicative of not being intoxicated. Corporal Owens did not observe Avent showing any difficulty controlling her vehicle. After he initiated the traffic stop, Avent stopped her ear promptly in a controlled, reasonable manner. When asked, Avent promptly provided her license and registration to Corporal Owens without difficulty. Avent’s eyes were not bloodshot, dilated, constricted, staring, or slow to react to light. She did not appear confused or incoherent, was wholly cooperative with Corporal Owens, and she spoke clearly when communicating with him. Avent showed no difficulty when walking to and from the patrol car and performed well on the walk-and-turn and one-leg-stand tests.
The trial court weighed the evidence and determined that, under the totality of the circumstances existing at the time of Avent’s arrest, Corporal Owens did not have probable cause to believe that Avent was intoxicated. “Whether evidence existed from which the trial court could have arrived at a contrary conclusion is immaterial.” State v. McDonald, 170 S.W.3d 535, 537 (Mo.App. W.D.2005). If we were to focus only on the evidence supporting probable cause, it would turn our standard of review on its head. We would be disregarding the evidence favorable to the court’s ruling. Even if some issues are conceded, it doesn’t mean other evidence can and should be ignored by this Court. To the extent the trial court found credible any of the officer’s observations that could be indicative of intoxication, the court clearly afforded greater weight to the evidence to the contrary. It is not within the province of this Court to reweigh the evidence. Harris, 305 S.W.3d at 485. “In our review of the trial court’s denial of the motion to suppress, we look only to determine whether the evidence was sufficient to support the ruling. It is not this Court’s province to substitute its discretion for that of the trial court, but instead from the record before us which encompasses all the circumstances, the total atmosphere of the case, we must decide only whether there was adequate evidence to support the trial court’s action.” State v. Burkhardt, 795 S.W.2d 399, 404 (Mo. banc 1990) (internal citations omitted).
State v. Robertson, 328 S.W.3d 745 (Mo.App. W.D.2010) is instructive. In Robertson, the trial court granted a motion to suppress the results of two portable breath tests which were well in excess of .080. Id. at 749-50. The court admitted the results into evidence for the purpose of the hearing on the motion to suppress but did not accept or rely on them. Id. at 751. We concluded that the court gave the PBT results little or no weight because the results were inconsistent with other substantial evidence suggesting the driver was not intoxicated. Id. at 751-52. We concluded that:
*258 Without the portable breathalyzer test results, the trooper in this case did not have probable cause to arrest Robertson. Indeed, the trooper testified that, although Robertson smelled of intoxicants and had watery, bloodshot, and glassy eyes, he probably would not have arrested Robertson without the results from the portable breathalyzer test. Robertson performed several sobriety tests without any difficulty. She counted and recited the portions of the alphabet that the trooper asked her to do, and she completed the one-leg stand test and the walk-and-turn test without any standard clues of impairment. Although Robertson was stopped for speeding, speeding is not a sign of intoxication. After reviewing and taking into account the credibility of all the evidence, the circuit court exercised its discretion and sustained the motion to suppress.
Id. at 752.
Similarly, in this case, while some indicia of intoxication were recounted by Corporal Owens, there was also substantial evidence supporting the conclusion that there was no probable cause to believe Avent was intoxicated. The trial court weighed the credibility of all the evidence, disbelieved or afforded little weight to Corporal Owens’s testimony, and exercised its discretion to sustain the motion to suppress. The trial court’s determination that the State failed to prove by a preponderance of the evidence that Corporal Owens had probable cause to believe Avent was intoxicated is not clearly erroneous.
The trial court’s ruling, suppressing “[a]ll evidence and statements obtained following defendant’s arrest,” is, therefore, affirmed.
HOWARD, J. concurs.
PFEIFFER, J. dissents in separate opinion filed.

. Avent has never challenged the propriety of this traffic stop.

. At the parties' request, the trial court took the motion with the case, and the court did not rule on it until after the parties argued the motion following the close of evidence. It is our observation that the lack of a pre-trial ruling on motions to suppress often unnecessarily complicates matters and can potentially lead to unforeseen and undesirable consequences for the State and/or the defendant. This Court has expressed concern about the practice previously, and best practice would be to avoid it if possible. More importantly, however, we strongly discourage the practice of waiting until after the close of evidence to rule on such motions.

.Interlocutory appeal of the trial court’s ruling on the motion to suppress is authorized by § 547.200.1(3).

. "Under the 'clearly erroneous' standard of review, the trial court’s findings of fact are entitled to deference even where they are based on physical or documentary evidence which is equally available to an appellate court.” State v. Williams, 334 S.W.3d 177, 181 (Mo.App. W.D.2011). " 'Even where the trial court’s decision was based solely ‘on the records,’ we defer to the trial court as finder of fact in determining whether there is substantial evidence to support the judgment and whether the judgment is against the weight of the evidence.' ” Id. (quoting State v. Abeln, 136 S.W.3d 803, 808 (Mo.App. W.D.2004)).

. In Gaw, the Court stated:
The trial court overruled Gaw’s motion to suppress and admitted the testimony. The record, reviewed in the light most favorable to the trial court’s ruling, disregarding contrary inferences, supports the admission of Gaw’s statement that he was the driver.... [T]he longstanding principle of Missouri appellate review is that when there are no findings of fact set out in the judgment by the trial court, the facts and reasonable inferences from such facts are considered favorably to the trial court’s ruling and contrary inferences are disregarded. Sgt. Frazier's testimony that his pre-Mirandized *253 questioning of Gaw after the arrest for possession of marijuana was not part of a deliberate plan to undermine Gaw’s Miranda protections supports the factual finding necessary to overrule Gaw's motion to suppress his admission that he was the driver of the pickup truck.
Gaw, 285 S.W.3d at 324-25 (emphasis added).

. See also State v. Royal, 610 S.W.2d 946, 948 (Mo. banc 1981) ("At the conclusion of the suppression hearing, the trial court entered its order suppressing all statements made pri- or to the giving of Miranda warnings, but did not specifically articulate the reasons for overruling appellant’s motion to suppress statements made while incarcerated. Implicit in the trial court’s silence and admission of the statements at trial is the conclusion that the appellant’s testimony regarding the alleged requests for an attorney lacked credibility and that the statements were voluntarily given. While disposing of such a motion in this manner is not as clear as making definitive findings based on the evidence adduced at the suppression hearing, there is nothing inherently improper in so doing.”).

. The Dissent claims that the facts are not contested in this case and refers to parts of Avent’s oral argument and the brief in an effort to support that claim. But the arguments advanced by Avent on appeal and the context of various comments made by counsel on which the Dissent relies were part of *254 Avent's counsel’s alternative argument. The initial argument advanced in her Respondent's Brief is that the trial court was not bound to believe or afford weight to any of the evidence presented by the State. Respondent asserts:
The State argues that the trial court clearly erred in sustaining defendant’s Motion to Suppress in that there was probable cause to arrest defendant for driving while intoxicated because Cpl. Owens testified that the defendant had watery, glassy eyes; admitted to drinking four or five beers, had a strong odor of alcohol, had a positive PBT, and had six clues on the HGN test.
The trial court was not bound to believe any of Cpl. Owens’ testimony, even if uncontra-dicted. State v. Wilson, 169 S.W.3d 870, 876 (Mo.App. W.D.2005); State v. Emmett, 346 S.W.3d 418, 420 (Mo.App. S.D.2011). With no findings of fact and conclusions of law requested, there is no determination in the record as to which portions, if any, of Cpl. Owens' testimony the trial court believed as credible, or what weight was given to each part of his testimony.... The trial court is presumed to make findings consistent with its ruling under such circumstances. State v. Abeln, 136 S.W.3d 803, 808 (Mo.App. W.D.2004).
Respondent then recounts the facts and analysis of State v. Wilson, 169 S.W.3d 870, 876 (Mo.App. W.D.2005), and State v. Emmett, 346 S.W.3d 418, 420 (Mo.App. S.D.2011), and argues that they are on point. The argument concludes:
[The State] has built its argument that the trial court erred by treating all of the evidence in the State’s favor as true, and has disregarded all the evidence that is favorable to the defendant and the trial court's ruling. This is opposite the applicable standard of review.... Under this standard, the State's evidence pertaining to defendant’s eyes, breath, admissions as to drinking, the PBT test, and the HGN test should be disregarded, and this court should look at the evidence that supports the trial court’s ruling. ...
The trial court's ruling sustaining defendant’s Motion to Suppress should be affirmed because the trial court was free to disbelieve all or part of the State's evidence, even if uncontradicted, and there was substantial evidence to support the trial court’s ruling.
Respondent then goes on to make an alternative argument: "If this Court does not defer to the trial court’s ruling pursuant to the standard of review as expressed above, and even if Cpl. Owens’ testimony is accepted as true, the totality of the circumstances indicate that defendant was not intoxicated; therefore, there was no probable cause to arrest.’’ (emphasis added). The language relied upon by the Dissent in asserting that Respondent’s counsel conceded that his client did not perform well on the HGN test and other facts contained in Cpl. Owens’ testimony arises within the context of that alternative argument.
In short, the Dissent disregards Respondent’s principal argument and focuses only on the alternative argument, in which counsel accepts, arguendo, that Cpl. Owens’ testimony was true. In so doing, the Dissent treats as conceded facts, matters contained in Cpl. Owens’ testimony that were accepted as true by Respondent's attorney solely for the purposes of his alternative argument.

. Despite our clear acknowledgement that these facts were conceded at oral argument and our treatment of them as such in conducting our analysis, the Dissent inexplicably contends that we have ignored the concessions Avent made during oral argument. Dissenting Op. at *260-61 n. 9. Unlike the Dissent, we have simply limited our treatment of those concessions to what was actually con *255 ceded (i.e. Avent's simple concession that there was some alcohol on her breath is not viewed as an admission that the odor therefrom was “strong” as characterized by the Dissent).

. At oral argument, when asked if there was any dispute as to whether Avent’s eyes were glassy and watery, counsel stated, “No dispute, but that doesn’t mean no dispute by me. I didn’t challenge that directly but I don’t have to.” Counsel appears to be referencing the fact that he did not present conflicting evidence at trial but that the court was entitled to disbelieve even uncontradicted evidence. Counsel's comment certainly does not abandon Avent's position that the trial court could have found not credible or entitled to little weight Corporal Owen’s testimony about her eyes being watery and/or glassy.
Moreover, when questioned about what he meant by Avent having watery eyes, Corporal Owens testified that Avent seemed to have "a little more excess water than what a normal person would have.” When asked what he meant by glassy eyes, Corporal Owens stated that he thought Avent’s eyes were “kind of shiny.” He further testified to his belief that water and shiny eyes were close to the same thing. He also acknowledged that watery and glassy eyes might have nothing to do with the consumption of alcohol and that they definitely were not indicative of the extent of any alcohol consumption. Thus, even if it were conceded that Avent had watery/glassy eyes, the weight to be afforded that fact was most certainly contested at trial and on appeal.

. The trial court commented on the fact that, while Avent was driving above the posted speed limit, Corporal Owens did not view any weaving, sudden stopping, or other driving error indicative of her lacking control over the vehicle and being potentially intoxicated. The Court also noted that the testimony reflected that Avent had the presence of mind to ask Corporal Owens to move her vehicle and secure it in the parking lot of a nearby school when he arrested her. The Court further observed that Avent did well on all of the tests given to her. The Court stated that there wasn’t any doubt that Avent had consumed some alcohol within four hours of the traffic stop but that under the totality of the evidence presented it did not believe that the State proved that Corporal Owens had probable cause to believe Avent was intoxicated.

. Moreover, a careful, thorough reading of the trial judge’s comments in their entirety reveals nothing inconsistent with her ruling. The judge definitely notes a lot of the evidence negating intoxication. She does not specifically mention the indicia of intoxication, but clearly by her ruling, she either did not believe that evidence or gave it little weight when compared with all the other evidence.

. The Dissent cites Denton v. Director of Revenue, 172 S.W.3d 909, 911-12 (Mo.App. S.D.2005), in its tenth footnote. Dissenting Op. at *263 n. 10. Denton has absolutely no relevance to the case at bar. Denton, which was decided pre-White, involved the Director of Revenue’s suspension of a driver’s license under § 302.505.1, which calls for a license suspension where a driver under the age of twenty-one has been stopped upon probable cause to believe the person committed a traffic offense and was driving with a hlood alcohol content of .02% or more. Id. at 911. Thus, the issue was essentially whether the officer had probable cause to believe the eighteen-year-old driver had recently consumed *257 enough alcohol to have a blood alcohol content of .02% or more, and the evidence was viewed on appeal in the light most favorable to the Director. Id. The Denton court concluded that evidence that the driver had flipped her car, admitted having been drinking, had a moderate smell of alcohol on her breath, and had bloodshot and glassy eyes was sufficient to support the trial court’s finding that the officer had probable cause to believe her blood alcohol content was .02% or more. Id.